CARRINGTON, COLEMAN,
SLOMAN & BLUMENTHAL, L.L.P.
Mike Birrer (Texas Bar No. 00783662)
mbirrer@ccsb.com
(*Pro Hac Vice Application Pending*)
Jordan R. Brownlow (Texas Bar No. 24120729)
jbrownlow@ccsb.com
(*Pro Hac Vice Application Pending*)
901 Main Street, Suite 5500
Dallas, Texas 75202
Telephone:     214-855-3000
Facsimile:      214-580-2641

DOWNEY BRAND LLP
CASSANDRA M. FERRANNINI (Bar No. 204277)
cferrannini@downeybrand.com
CAMERON P. HAYNES (Bar No. 316944)
chaynes@downeybrand.com
621 Capitol Mall, 18th Floor
Sacramento, California 95814
Telephone:     916.444.1000
Facsimile:      916.444.2100

Attorneys for Defendant
MARTIN MARIETTA MATERIALS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| AUSTEN SHWIYHAT, on behalf of himself and the State of California as a private attorney general,<br><br>        Plaintiff,<br><br>   v.<br><br>MARTIN MARIETTA MATERIALS, INC., a North Carolina corporation, and DOES 1 through 100, inclusive,<br><br>        Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION**<br><br>**(FEDERAL QUESTION JURISDICTION)** |

Under 28 U.S.C. §§ 1331, 1367, 1441 and 1446(b), Defendant MARTIN MARIETTA MATERIALS, INC. ("Defendant") removes this case from the Superior Court of the State of California, County of Alameda, to the United States District Court for the Northern District of California and respectfully shows:

## I. FACTUAL BACKGROUND

1. Plaintiff Austen Shwiyhat ("Plaintiff") is a resident of California.

2. Defendant Martin Marietta Materials, Inc. ("Defendant") is a North Carolina Corporation with its principal place of business in Raleigh, North Carolina.

3. Plaintiff has neither served nor identified by name Does 1-100.

4. On December 6, 2022, Plaintiff, individually and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act ("PAGA"), filed his original complaint in the Superior Court of California, County of Alameda, Case No. 22cv023220 (the "Complaint"). (Declaration of Cassandra M. Ferrannini ("Ferrannini Decl."), ¶ 2, Ex. A.) In the Complaint, Plaintiff asserts a single cause of action arising out of his employment with Defendant, the violation of California Labor Code § 2698, *et. seq.*, based on various alleged Labor Code violations, including: (a) failure to maintain accurate time records; (b) failure to pay all hours worked, including overtime hours worked; (c) failure to provide meal and rest periods and failure to make premium payments for missed meal and rest breaks; (d) failure to provide accurate wage statements; and (e) failure to timely pay all wages owed upon separation of employment. (*Id.*)

5. On December 21, 2022, Plaintiff served his Complaint on Defendant.

6. Defendant answered in state court.

7. Through this Notice, Defendant timely removes this case from state court to this Court.

## II. BASIS FOR REMOVAL

8. This Court has original jurisdiction under 28 U.S.C. § 1331, and this case may be removed pursuant to the provisions of 28 U.S.C. § 1446(b), in that it is a civil action that presents a federal question.

**A.   This Court Has Jurisdiction Over Federal Questions.**

9. Plaintiff's PAGA action includes employees covered by various collective bargaining agreements. Plaintiff's action, thus, is based upon or preempted by federal law, specifically Section 301 of the Labor Management Relations Act ("LMRA") ("Section 301"). 29 U.S.C. § 185. Under Section 301, "[s]uits for violation of contracts between an employer and a

DOWNEY BRAND LLP

labor organization representing employees in an industry affecting commerce . . . may be brought in a district court for the United States having jurisdiction of the parties without regard to the amount in controversy or without regard to the citizenship of the parties." *Firestone v. S. Cal. Gas., Co.*, 219 F.3d 1063, 1065 (9th Cir. 2000).

10. Section 301 provides a basis for federal question jurisdiction and authorizes federal courts to develop a federal common law of collective bargaining agreement ("CBA") interpretation. *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 411 (1988). To ensure uniform interpretation, federal common law preempts the use of state law in collective bargaining agreement interpretation and enforcement. *Id.*; *Local174, Teamsters, Chauffers, Warehousemen & Helpers of Am. v. Lucas Flour Co.,* 369 U.S. 95, 103–04 (1962); *Curtis v. Irwin Indus., Inc.,* 913 F.3d 1146, 1152 (9th Cir. 2019) ("[F]ederal preemption under Section 301 is an essential component of federal labor policy."). Courts use a two-step inquiry to determine if Section 301 preempts a claim. First, if the "asserted cause of action involves a right [that] exists solely as a result of the CBA," then "the claim is preempted and [the] analysis ends there." *Id*. (alteration in original) (internal citations and quotations omitted). Second, if the "state law right is substantially dependent on analysis" of the CBA, then the claim is preempted. *Id.* at 1153.[1]

11. Section 301, thus, preempts PAGA claims brought on behalf of union employees. *Rodriguez v. USF Reddaway Inc.*, No. 2:22-cv-00210-TLN-DB, 2022 WL 18012518, at *4 (E.D. Cal. Dec. 30, 2022); *Braswell v. AHMC San Gabriel Valley Medical Center LP*, 2020 WL 707206, at *4 (C.D. Cal. Mar. 8, 2022); *Jimenez v. Young's Mkt. Co., LLC*, No. 21-cv-02410-EMC, 2021 WL 59999082, at *9-*10 (N.D. Cal. Dec. 20, 2021); *see also Firestone*, 219 F.3d at 1066–67 (claim preempted by Section 301 where the CBA had to be interpreted to resolve the plaintiff's wage claims). This is true where, as here, other impacted employees—but not plaintiff—are subject to a CBA. *See, e.g.*, *Braswell*, 2020 WL 707206, at *4 (plaintiff's PAGA claims

---

[1] At all relevant times alleged in the Complaint, Defendant has been, and is, a company engaged in commerce and in an industry affecting commerce within the meaning of Sections 2(2), 2(6), and 2(7) of the National Labor Relations Act ("NLRA") and Section 301(a) of the LMRA, 29 U.S.C. §§ 152(2), (6), (7) and 185(a).

preempted where named plaintiff not subject to CBA but has filed suit on behalf of employees covered by a CBA); *Rodriguez*, 2022 WL 18012518, at *4 ("Even if a plaintiff is not a party to the CBA, courts must still interpret the CBA to determine whether a violation occurred as to the aggrieved employees.").

**B.   Plaintiff's PAGA Claims are Brought on Behalf of Union Employees.**

12.   Plaintiff asserts claims on behalf of Defendant's non-exempt hourly employees who worked in Alameda County and across "all of Defendant's business locations in California." (Ferrannini Decl., ¶ 2, Ex. A at ¶¶ 5, 18.)

13.   The majority of Defendant's California hourly employees are subject to CBAs. Martin Marietta's employees in Alameda County, for example, were and are subject to CBAs between Martin Marietta and Operating Engineers Local Union No. 3 of the International Union of Operating Engineers, AFL-CIO (the "Union").[2] The Union is a labor organization which exists for the purpose of dealing with employees concerning grievances, labor disputes, wages, rates of pay, hours of employment, and conditions of work, discipline, and discharge. Thus, Plaintiff necessarily seeks to assert his claims on behalf of employees covered by CBAs.

14.   Plaintiff asserts claims in the Complaint that require interpretation of a CBA. Specifically, Plaintiff asserts claims for alleged violations of California's Labor Code regarding overtime and meal and rest breaks. Yet, the applicable CBAs contain specific language governing overtime and meal and rest breaks.

**C.   Plaintiff's Overtime-Related Claim is Preempted.**

15.   Plaintiff claims that Plaintiff and other employees were not properly paid for overtime hours worked for the time they spent under Defendant's control. However, Labor Code § 514 provides that the California overtime rules (Labor Code § 510) "does not apply to an employee covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of employees, and if the agreement provides

---

[2] At all relevant times, the Union has been, and is, a labor organization within the meaning of Section 2(5) of the NLRA and 301(a) of the LMRA, 29 U.S.C. §§ 152(5) and 185(a).

premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage."

16. Here, the relevant CBAs meet each and every requirement under Labor Code § 514.

17. Thus, Plaintiff's claims involve a right that exists solely as a result of the CBA, and/or will necessarily require the interpretation of a CBA. Plaintiff's overtime-related claim is therefore preempted based on Section 301. *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1155 (9th Cir. 2019) (employee's overtime claim was controlled by a CBA and therefore preempted by Section 301 of the LMRA); *Rodriguez*, 2022 WL 18012518 at *3 (PAGA-overtime related claims preempted); *Braswell*, 2022 WL 707206 at *4 (same); *Jimenez*, 2021 WL 59999082, at *9–*10 (plaintiff's PAGA overtime-related claims under California Labor Code Sections 510, 1194, and 1198 preempted by Section 301 where CBA satisfied the requirements of California Labor Code Section 514); *Van Bebber v. Dignity Health*, No. 119-CV-00264-DAD-EPG, 2019 WL 4127204, at *8 (E.D. Cal. Aug. 30, 2019) (where CBA satisfied the requirements of California Labor Code Section 514, plaintiff's claim for overtime was displaced and thus the action was properly in federal court).

**D.    Plaintiff's Meal and Rest Break-Related Claims are Also Preempted.**

18. Plaintiff alleges that Defendant failed to provide Plaintiff and other allegedly aggrieved employees meal and rest periods and failed to make premium payments for missed meal and rest breaks. However, under California Labor Code Section 512(e) and (f), the requirements of Section 512 do not apply to commercial drivers where the employee is covered by a valid collective bargaining agreement that "expressly provides for the wages, hours of work, and working conditions of employees, and expressly provides for meal periods for those employees, final and binding arbitration of disputes concerning application of its meal period provisions, premium wage rates for all overtime hours worked, and a regular hourly rate of pay of not less than 30 percent more than the state minimum wage rate."

19. Defendant employed commercial drivers. Many are covered by CBAs that expressly provide for wages, hours of work, working conditions of employees, premium wage

rates for all overtime hours worked, and a regular rage of pay not less than 30 percent more than the state minimum wage rate. Additionally, the CBAs provide for meal and rest periods for the employees, and final and binding arbitration of disputes concerning application of its meal and rest periods.

20. Thus, Plaintiff's claims for meal and rest break violations involve a right that exists solely as a result of the CBA, and/or will require interpretation of the CBAs. Section 301 therefore preempts Plaintiff's meal and rest break claims. *Rodriguez*, 2022 WL 18012518 at *4; *Jimenez*, 2021 WL 5999082 at *11. Removal is therefore proper.[3]

### E. This Court Has Supplemental Jurisdiction Over Any Remaining Claims.

21. To the extent there are some claims alleged in the Complaint that do not raise federal questions (and/or are not preempted by Section 301 of the LMRA), such claims are removable under 28 U.S.C. § 1441(c) and, pursuant to this Court's supplemental jurisdiction, under 28 U.S.C. § 1367, because they relate to and emanate from the same employment relationship between Plaintiff and other aggrieved employees, and Defendant that is the subject of the federal question claims. This Court has jurisdiction over such claims pursuant to the doctrine of supplemental jurisdiction under 28 U.S.C. § 1367(a), because they are so related to the federal claims as to form part of the same case or controversy under Article III of the U.S. Constitution, and they are substantially related to and rise out of the same nucleus of operative facts as Plaintiff's and other aggrieved employees' claims arising under the LMRA such that they should be tried in one action. *See Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 714 (9th Cir. 1990). Considerations of convenience, judicial economy, and fairness to the litigants strongly favor this Court exercising jurisdiction over all claims in the Complaint as well. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 725-26 (1966); *Nettles v. Paramedics Logistics Operating Co.*

---

[3] Plaintiff's claims are also preempted under Section 301 because they arise under the Labor Code provisions that are subject to applicable CBAs' grievance and arbitration procedures. Specifically, the relevant CBAs call for final and binding arbitrations for any disputes related to wage and hour issues, meal and rest periods, and employee work schedules. Further, the CBAs provide that all grievances must be resolved under the procedures described therein. A grievance that is not resolved becomes the subject of the CBAs' arbitration procedures.

*LLC*, No. 21-cv-08895-MCM, 2022 WL 137631, at * 2 (N.D. Cal. Jan. 14, 2022) (exercising supplemental jurisdiction over non-preempted PAGA claims and denying motion to remand).

**F.**     **Venue is Proper and the Notice is Timely.**

22.     The proper venue for removed cases is the division embracing the county where the state court case was pending. 28 U.S.C. § 1441(a); 28 U.S.C. § 1446(a). The state-court action was pending in Alameda County, within either the San Francisco or Oakland Divisions of the Northern District of California.

23.     Defendant timely filed this Notice within 30 days of receiving the Complaint through formal service. 28 U.S.C. § 1446(b)(1). Defendant will timely file the Notice of Removal in the state court action, "which shall effect the removal." 28 U.S.C § 1446(d).

### III.     REQUIRED ATTACHMENTS

24.     Pursuant to 28 U.S.C § 1446(a), Exhibits A – S, constitute all "process, pleadings, and orders served upon such defendant" to date, and are attached to the accompanying Declaration of Cassandra M. Ferrannini.

25.     Attached as Exhibit A is a true copy of Plaintiff's Complaint.  (Ferrannini Decl., ¶ 2, Ex. A.)

26.     Attached as Exhibit R is a true copy the original answer. (Ferrannini Decl., ¶ 19, Ex. R.)

### IV.     CONCLUSION

Defendant files this Notice of Removal and respectfully requests that: (i) Case No. 22CVP-0108 be removed from the California Superior Court for the County of Alameda to this Court; (ii) this Court assume jurisdiction; and (iii) the Court grant Defendant any additional relief that the Court determines is appropriate.

DATED:  January 19, 2023           DOWNEY BRAND LLP

By:   */s/ Cassandra M. Ferrannini*
      CASSANDRA M. FERRANNINI
      Attorneys for Defendant
      MARTIN MARIETTA MATERIALS, INC.