UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUSTIN SHWIYAT,<br><br>    Plaintiff,<br><br>v.<br><br>MARTIN MARIETTA MATERIALS, INC.,<br><br>    Defendant. | Case No. 23-cv-00283-JSC<br><br>**ORDER TO DEFENDANT TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION** |

Plaintiff sued Defendant in the Superior Court of California, County of Alameda alleging Defendants violated the Private Attorneys General Act ("PAGA"), California Labor Code § 2698 *et seq.* Defendant removed the case to federal court based on 28 U.S.C. §§ 1331 and 1446(b), and, in particular, on the grounds the PAGA claim is preempted by the Labor Management Relations Act ("LMRA"). (Dkt. Nos. 1, 3.) As Defendant's Notice of Removal does not satisfy this Court of its subject matter jurisdiction, Defendant is ordered to show why this action should not be dismissed for lack of subject matter jurisdiction.

**DISCUSSION**

"Federal courts are courts of limited jurisdiction. They possess only the power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Subject matter jurisdiction can never be forfeited or waived and federal courts have a continuing independent obligation to determine whether subject matter jurisdiction exists." *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 975 n.12 (9th Cir. 2012) (internal quotation marks and citations omitted). Indeed, even if no party raises a concern about subject

matter jurisdiction, federal courts must sua sponte address the issue unless it is satisfied that subject matter jurisdiction exists. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

A defendant seeking removal to federal court "bears the burden of establishing that removal is proper," and the "removal statute is strictly construed against removal jurisdiction." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.")

LMRA § 301 provides federal jurisdiction over "suits for violation of contracts between an employee and a labor organization." 29 U.S.C. § 185. When the LMRA applies, it completely preempts state law claims. *See Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1152 (9th Cir. 2019). The LMRA preemption inquiry has two parts. First, a court determines "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a [collective bargaining agreement ("CBA")]." *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059-60 (9th Cir. 2007). "If the right exists solely as a result of the CBA, then the claim is preempted." *Id.* Second, if the right underlying the state claim exists independently of the CBA, the claim is preempted if the state law right is "substantially dependent on the analysis of a collective bargaining agreement." *Id.* (cleaned up).

Defendant's NOR claims the "majority" of putative class members are "covered by various collective bargaining agreements." (Dkt. No. 1 at 2, 4.) Specifically, Defendant states its "employees in Alameda County, for example, were and are subject to CBAs between Martin Marietta and Operating Engineers Local Union No. 3 of the International Union of Operating Engineers, AFL-CIO (the "Union")." (*Id.* at 4.) In light of the alleged CBAs, Defendant argues the LMRA preempts some putative class members' PAGA claims based on California Labor Code § 510 (overtime) and § 512(e)-(f) (meal and rest periods). (*Id.* at 4-6.)[1] For example, Labor Code

---

[1] Defendant admits Plaintiff was not subject to a CBA but argues the LMRA nevertheless preempts "PAGA claims brought on behalf of union employees." (Dkt. No. 1 at 3-4 (citing

United States District Court
Northern District of California

1  § 510 provides a right to overtime compensation. Cal. Lab. Code § 510. However, if an employee is subject to a qualifying CBA under § 514, § 510 does not provide the right to overtime pay. *Curtis*, 913 F.3d at 1153-54 (concluding that the § 510 default definition of overtime and overtime rates does not apply to employees subject to a qualifying CBA under § 514 because the right to overtime would exist solely as a result of the CBA) (internal citation and quotation marks omitted)). Here, Defendant claims that because some putative class members are subject to a qualifying CBA under § 514, the § 510 right to overtime does not apply to those class members, and their claims could *only* arise from the CBA. (*See* Dkt. No. 1 at 4-5 (citing *Curtis*, 913 F.3d at 1155)). Similarly, Defendant asserts that certain putative class members are commercial drivers (who are exempt from Cal. Labor Code § 512(e)-(f)), and thus, the § 512(e)-(f) claims could only arise from the CBA. (Dkt. No. 1 at 5-6 (citing *Rodriguez v. USF Reddaway Inc.*, No. 2:22-cv-00210-TLN-DB, 2022 WL 18012518, at *4 (E.D. Cal. Dec. 30, 2022)).

"In determining the existence of removal jurisdiction based upon a federal question, we must look to the complaint as of the time the removal petition was filed." *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th Cir. 1979). Here, the complaint does not mention a union, CBAs, or any facts that support LMRA preemption. And as Defendant has not provided any evidence that establishes the PAGA claim is preempted, or even merely alleged the contents of the CBAs upon which it relies, the Court is not satisfied it has subject matter jurisdiction. *Compare with Braswell v. AHMC San Gabriel Valley Med. Ctr. LP*, No. CV-21-09959-MWF (AGR), 2022 WL 707206, at *3-4 (C.D. Cal. Mar. 8, 2022) (attaching nine relevant CBAs in support of removal to show LMRA preemption). Absent any such evidence, Defendant fails to show LMRA preemption and therefore, proper removal. *See Curtis*, 913 F.3d at 1152-53; *Provincial*, 582 F.3d at 1087.

---

*Braswell v. AHMC San Gabriel Valley Med. Ctr. LP*, No. CV-21-09959-MWF (AGR), 2022 WL 707206, at *4 (C.D. Cal. Mar. 8, 2022(finding the plaintiff's claims preempted when the named plaintiff was not subject to CBA but filed suit on behalf of employees covered by a CBA)).

**CONCLUSION**

For these reasons, on or before May 15, 2023, Defendant is ORDERED TO SHOW CAUSE in writing as to why this action should not be dismissed for lack of subject matter jurisdiction.  Additionally, on or before April 20, 2023, Defendant is ORDERED to provide Plaintiff all collective bargaining agreements upon which it relies for its preemption argument.

**IT IS SO ORDERED.**

Dated: April 13, 2023

JACQUELINE SCOTT CORLEY
United States District Judge