Birrer (Texas Bar No. 00783662) (admitted *pro hac vice*)
mbirrer@ccsb.com
Jordan R. Brownlow (Texas Bar No. 24120729) (admitted *pro hac vice*)
jbrownlow@ccsb.com
CARRINGTON, COLEMAN,
SLOMAN & BLUMENTHAL, L.L.P.
901 Main Street, Suite 5500
Dallas, Texas 75202
Phone: 214-855-3000
Fax: 214-580-2641

Cassandra M. Ferrannini (California Bar No. 204277)
cferrannini@downeybrand.com
DOWNEY BRAND LLP
621 Capitol Mall, 18th Floor
Sacramento, California  95814
Telephone: 916-444-1000
Facsimile:  916-444-2100

Attorneys for Defendant
MARTIN MARIETTA MATERIALS, INC.

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| AUSTEN SHWIYHAT, on behalf of himself and the State of California as a private attorney general,<br><br>Plaintiff,<br><br>vs.<br><br>MARTIN MARIETTA MATERIALS, INC., a North Carolina corporation, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 23-CV-00283-JSC<br>*Hon. Jacqueline Scott Corley*<br><br>**DEFENDANT'S RESPONSE TO SHOW CAUSE ORDER REGARDING SUBJECT MATTER JURISDICTION**<br><br>*[Filed concurrently with the Declarations of Miriam Grisard, John A. Gillan, and Mark Epstein, and [Proposed] Order]*<br><br>Complaint Filed: December 6, 2022 |

Carrington, Coleman, Sloman & Blumenthal, L.L.P.

## <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION ....................................................................................................1

II.     ISSUE TO BE DECIDED ........................................................................................1

III.    FACTUAL & PROCEDURAL BACKGROUND ......................................................1

IV.     STATEMENT OF SUBJECT MATTER JURISDICTION .........................................3

        A.      Plaintiff's PAGA Claims are Brought on Behalf of Union Employees.............5

        B.      Plaintiff's Overtime-Related Claims are Preempted.........................................5

        C.      Plaintiff's Meal-Related Claims are Preempted. ............................................15

V.      CONCLUSION.......................................................................................................18

Carrington, Coleman, Sloman &
Blumenthal, L.L.P.

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Braswell v. AHMC San Gabriel Valley Med. Ctr. LP*,
No. CVV 21-09959-MWF (AGR), 2022 WL 707206 (C.D. Cal. Mar. 8, 2022) ...4, 15

*Chatman v. WeDriveU, Inc.*,
No. 3:22-CV-04849-WHO, 2022 WL 15654244 (N.D. Cal. Oct. 28, 2022) ........17

*Curtis v. Irwin Indus., Inc.*,
913 F.3d 1146 (9th Cir. 2019) ..........................................................................4, 15

*Firestone v. S. Cal. Gas., Co.*,
219 F.3d 1063 (9th Cir. 2000) ..............................................................................3, 4

*Franco v. E-3 Systems*,
No. 199 cv-0453-HSG, 2019 WL 6358947 (N.D. Cal. Nov. 8, 2019) ................15

*Int'l Bhd. of Teamsters, Loc. 2785 v. Fed. Motor Carrier Safety Admin.*,
986 F.3d 841 (9th Cir. 2021) ................................................................................18

*Jimenez v. Young's Mkt. Co., LLC*,
No. 21-cv-02410-EMC, 2021 WL 5999082 (N.D. Cal. Dec. 20, 2021)......4, 15, 18

*Lindsey v. WC Logistics, Inc.*,
586 F.Supp.3d 983 (N.D. Cal. 2022) ....................................................................18

*Lingle v. Norge Div. of Magic Chef, Inc.*,
486 U.S. 399 (1988)................................................................................................4

*Loaiza v. Kinkisharyo Int., LLC*,
No. LA CV19-07662 JAK (KSx), 2020 WL 5913282 (C.D. Cal. Oct. 6, 2020)...15

*Local 174, Teamsters, Chauffeurs, Warehousemen & Helpers of Am. v. Lucas Flour Co.*,
369 U.S. 95 (1962)................................................................................................4

*Razo v. CEMEX Constr. Materials Pac., LLC*,
No. 20-11175-MWF, 2021 WL 325638 (C.D. Cal. Feb. 1, 2021) ........................18

*Rodriguez v. Gonsalves & Santucci, Inc.*,
No. 21-CV-07874-LB, 2022 WL 161892 (N.D. Cal. Jan. 18, 2022) ........15, 17, 18

*Rodriguez v. USF Reddaway Inc.*,
    No. 2:22-cv-00210-TLN-DB, 2022 WL 18012518 (E.D. Cal. Dec. 30, 2022)..4, 5, 15, 18

*Stoddart v. Heavy Metal Iron, Inc.*,
    No. 2:22-cv-01532-DAD-DB, 2023 WL 2524313 (E.D. Cal. Mar. 15, 2023)........5

*Taylor v. NBC West, LLC*,
    No. CV 19-7663-DMG, 2020 WL 8268197 (C.D. Cal. Jan. 2, 2020)...................18

*Van Bebber v. Dignity Health*,
    No. 119-CV-00264-DAD-EPG, 2019 WL 4127204 (E.D. Cal. Aug. 30, 2019)...15

**Federal Statutes**

28 U.S.C.
    § 1331..............................................................................................................1
    § 1446(b).........................................................................................................1

Labor Management Relations Act  ................................................. *passim*

National Labor Relations Act  ...................................................................4

**California Statutes**

California Labor Code
    § 510.................................................................................................................5
    § 512....................................................................................................3, 15, 16, 17
    § 514.........................................................................................................5, 15
    § 1182.12..........................................................................................................5

California Private Attorneys General Act....................................................2

California Vehicle Code
    § 260.................................................................................................................3

Carrington, Coleman, Sloman & Blumenthal, L.L.P.

## I.   INTRODUCTION

Pursuant to the Court's Show Cause Order, ECF No. 22 issued April 13, 2023, Defendant Martin Marietta Materials, Inc. ("Martin Marietta") submits this Response with evidence establishing subject matter jurisdiction over Plaintiff's claims.

This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1446(b). Specifically, Plaintiff's representative action has been brought on behalf of numerous allegedly aggrieved employees who were subject to collective bargaining agreements ("CBAs"). For these employees, the allegedly violated rights exist solely as a result of the CBAs. Section 301 of the Labor Management Relations Act preempts state law interpretation and enforcement of CBAs and, thus, confers subject matter jurisdiction over Plaintiff's lawsuit.

## II.   ISSUE TO BE DECIDED

Whether this Court has subject matter jurisdiction over Plaintiff's claims.

## III.   FACTUAL & PROCEDURAL BACKGROUND

### *The Parties*

1.   In March 2021, Plaintiff was hired to work for Calaveras Materials, Inc., a subsidiary of Lehigh Hanson, Inc. ("Lehigh"). Declaration of Miriam Grisard ("Grisard Decl."), attached hereto as <u>Exhibit A</u>, ¶ 4.

2.   On October 1, 2021, Martin Marietta acquired Lehigh's West Region, including ownership of Calaveras Materials, Inc. and Lehigh's other operations in Arizona and California. Declaration of John Gillan ("Gillan Decl."), attached hereto as <u>Exhibit B</u>, ¶ 4.

3.   As part of the acquisition, Martin Marietta and Lehigh agreed that, from October 1, 2021 until April 30, 2022, employees of Lehigh's California subsidiaries would remain Lehigh employees and continue to receive pay and benefits from Lehigh while performing services for the subsidiaries (which as of October 1 were wholly owned by Martin Marietta). *Id.* at ¶ 6.

Carrington, Coleman, Sloman & Blumenthal, L.L.P.

4.      On May 1, 2022, the transitional arrangement with Lehigh ended. *Id.* at ¶ 8. Martin Marietta became the employer for the employees of Lehigh's former California subsidiaries, including Plaintiff. *Id.* Plaintiff was a Martin Marietta employee until his termination in July 2022. Grisard Decl., ¶¶ 4–5.

5.      When Martin Marietta became the employer, it became bound by various pre-existing CBAs covering employees of the California subsidiaries. Declaration of Mark Epstein ("Epstein Decl."), attached hereto as <u>Exhibit C</u>.

*Plaintiff's Complaint*

6.      On December 6, 2022, Plaintiff filed a Complaint in the Superior Court of California, Alameda County, Case No. 22cv023220 on behalf of himself and other purportedly aggrieved employees pursuant to the California Private Attorneys General Act ("PAGA"). The Complaint asserts Martin Marietta violated California Labor Code § 2698, *et. seq.*, based on various alleged Labor Code violations, including: (a) failing to maintain accurate time records; (b) failing to pay all hours worked, including overtime hours worked; (c) failing to provide meal and rest periods and failure to make premium payments for missed meal and rest breaks; (d) failing to provide accurate wage statements; and (e) failing to timely pay all wages owed upon separation of employment. ECF No. 1-1 (Exhibit A (the "Complaint")).

7.      Plaintiff seeks to represent himself "and all other current and former aggrieved employees" throughout California. *Id.* at ¶ 22. Plaintiff also specifically references "Aggrieved Employees [who] performed work for Defendants in the County of Alameda." *Id.* at ¶ 5. Hundreds of the alleged aggrieved employees are subject to CBAs. Epstein Decl. ¶ 3.

*Collective Bargaining Agreements*

8.      All of the CBAs include provisions for (1) wages, (2) hours of work, (3) working conditions, (4) premium wage rates for all overtime hours worked, and (5) regular hourly rates of not less than 30 percent more than the state minimum wage. Epstein Decl. ¶¶ 5-7, 9(a)–(k), 11(a)–(b) & Exs. C-1 to C-28; *see also* Chart, p. 6, below.

Carrington, Coleman, Sloman &
Blumenthal, L.L.P.

9.      A subset of the CBAs cover commercial drivers[1] and expressly provide for (1) wages; (2) hours of work; (3) working conditions of employees; (4) premium wage rates for all overtime hours worked; (5) a regular rate of pay not less than 30 percent more than the state minimum wage rate; (6) meal periods for the employees; and (7) final and binding arbitration of disputes concerning application of its meal periods. Epstein Decl. ¶¶ 9(c), 9(d), 9(f), 9(h), 10; Exh.C-11 to C-13, C-15, C-16, C-19, C-20; *see also* Chart, p. 16, below.

*Removal*

10.     Martin Marietta removed this case to the Northern District of California on January 19, 2023, based on federal question jurisdiction. ECF No. 1. The Notice of Removal explained that a federal question existed based on preemption under Section 301 of the Labor Management Relations Act ("LMRA") ("Section 301"). *Id.*, pp. 2–6.

11.     On April 13, 2023, the Court issued an Order to Defendant to Show Cause Regarding Subject Matter Jurisdiction. ECF No. 22.

## IV.    STATEMENT OF SUBJECT MATTER JURISDICTION

This Court has original jurisdiction under 28 U.S.C. § 1331 because the lawsuit presents a federal question. Specifically, Section 301 of the LMRA preempts numerous claims presented in the Complaint, thereby creating federal subject matter jurisdiction.

Under Section 301, "'[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in a district court for the United States having jurisdiction of the parties' without regard to the amount in controversy or without regard to the citizenship of the parties." *Firestone v. S. Cal. Gas., Co.*, 219 F.3d 1063, 1065 (9th Cir. 2000) (quoting Section 301). Because Section 301 authorizes federal courts to develop a federal common law of CBA interpretation, Section 301 provides a

---

[1] The drivers identified in Paragraphs 9(c), 9(d), 9(f), and 9(h) of Mark Epstein's Declaration qualify as commercial drivers because they operate vehicles used for the transportation of property and/or maintained primarily for the transportation of property. Cal. Lab. Code § 512(g)(1); Cal. Vehicle Code § 260; Epstein Decl. ¶ 10.

Carrington, Coleman, Sloman &
Blumenthal, L.L.P.

basis for federal question jurisdiction. *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 406 (1988). To ensure uniform interpretation, federal common law preempts the use of state law in collective bargaining agreement interpretation and enforcement. *Id.* at 413; *Local 174, Teamsters, Chauffeurs, Warehousemen & Helpers of Am. v. Lucas Flour Co.*, 369 U.S. 95, 103–04 (1962); *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1152 (9th Cir. 2019) ("[F]ederal preemption under Section 301 is an essential component of federal labor policy.") (internal citations and quotations omitted).[2]

A two-step inquiry determines if Section 301 preempts a claim. First, if the "asserted cause of action involves a right [that] exists solely as a result of the CBA," then "the claim is preempted and [the] analysis ends there." *Curtis*, 913 F.3d at 1152–53. (alteration in original) (internal citations and quotations omitted). Second, if the "state law right is substantially dependent on analysis" of the CBA, then the claim is preempted. *Id.* at 1153. Section 301, thus, regularly preempts PAGA claims brought on behalf of union employees. *Rodriguez v. USF Reddaway Inc.*, No. 2:22-cv-00210-TLN-DB, 2022 WL 18012518, at *4 (E.D. Cal. Dec. 30, 2022); *Braswell v. AHMC San Gabriel Valley Med. Ctr. LP*, No. CVV 21-09959-MWF (AGR), 2022 WL 707206, at *4 (C.D. Cal. Mar. 8, 2022); *Jimenez v. Young's Mkt. Co., LLC*, No. 21-cv-02410-EMC, 2021 WL 5999082, at *9–*11 (N.D. Cal. Dec. 20, 2021); *see also Firestone*, 219 F.3d at 1066–67 (claim preempted by Section 301 where the CBA had to be interpreted to resolve the plaintiff's wage claims).

Even if the plaintiff is not a union member (as is the case here), Section 301 preemption applies if the plaintiff seeks to represent other allegedly aggrieved employees who are subject to a qualifying CBA. *See Braswell*, 2022 WL 707206, at *4 (plaintiff's PAGA claims preempted

---

[2] At all relevant times alleged in the Complaint, Defendant has been, and is, a company engaged in commerce and in an industry affecting commerce within the meaning of Sections 2(2), 2(6), and 2(7) of the NLRA and Section 301(a) of the LMRA, 29 U.S.C. §§ 152(2), (6), (7) and 185(a). *See* Gillan Decl. ¶ 2. Additionally, the unions subject to the various CBAs are, and have been, labor organizations within the meaning of Section 2(5) of the NLRA and 301(a) of the LMRA, 29 U.S.C. §§ 152(2), (6), (7) and 185(a).

Carrington, Coleman, Sloman & Blumenthal, L.L.P.

1    where named plaintiff not subject to CBA but has filed suit on behalf of employees covered by a

2    CBA); *Rodriguez*, 2022 WL 18012518, at *4 ("Even if a plaintiff is not a party to the CBA, courts

3    must still interpret the CBA to determine whether a violation occurred as to the aggrieved

4    employees.") (alteration in original) (internal citations and quotations omitted); *but see Stoddart v.*

5    *Heavy Metal Iron, Inc.*, No. 2:22-cv-01532-DAD-DB, 2023 WL 2524313 (E.D. Cal. Mar. 15,

6    2023).

7    **A.      Plaintiff's PAGA Claims are Brought on Behalf of Union Employees.**

8           Plaintiff asserts claims on behalf of Martin Marietta's hourly employees who worked in

9    Alameda County and across "all of Defendant's business locations in California." Complaint, ¶¶

10   5, 18. As explained herein and in the Declaration of Mark Epstein, numerous Martin Marietta

11   hourly employees located in California are subject to CBAs. Epstein Decl. ¶¶ 3, 4 & Exh.C-1 to

12   Exh.C-28.

13   **B.      Plaintiff's Overtime-Related Claims are Preempted.**

14          Plaintiff claims that Martin Marietta's California employees were not properly paid for

15   overtime hours. However, Labor Code § 514 provides that the California overtime rules (Labor

16   Code § 510) "do not apply to an employee covered by a valid collective bargaining agreement if

17   the agreement expressly provides for the wages, hours of work, and working conditions of

18   employees, and if the agreement provides premium wage rates for all overtime hours worked and

19   a regular hourly rate of pay for those employees of not less than 30 percent more than the state

20   minimum wage."

21          Here, the relevant CBAs meet the Labor Code § 514 requirements. Specifically, each CBA

22   attached as Exhibits C-1 through C-28 to the Epstein Declaration provides for (1) wages, (2) hours

23   of work, (3) working conditions, (4) premium wage rates for all overtime hours worked, and (5)

24   regular hourly rates of not less than 30 percent more than the state minimum wage. In 2021, the

25   minimum wage was $14 an hour for employers with 26 employees or more. Cal. Lab. Code §

26

27

28

Carrington, Coleman, Sloman & Blumenthal, L.L.P.

1182.12(b)(1)(E). In 2022, the minimum wage was $15 an hour. *Id.* at § 1182.12(b)(1)(F). Thus, 30 percent more than this minimum wage is $18.20 an hour in 2021, and $19.50 an hour in 2022.

| Paragraph / Exhibit / Covered Location and Employees[3] | California Labor Code Requirement | CBA Citation |
|---|---|---|
| ¶ 5 / C-1<br><br>CBA – Sunol, CA (operating engineers) | Wages | Section 01.01.00 |
| | Hours of work | Section 06.00.00 |
| | Working conditions of employees | Section 05.00.00 (Seniority); Section 06.00.00 (Working Rules); Section 08.00.00 (Holidays); Section 08.09.00 (Paid Time Off); *see generally* Exh.C-1 ("This Agreement shall be effective insofar as the schedule of wages, fringe benefits, and working conditions herein[.]") |
| | Premium wage rates for all overtime hours worked | Section 07.00.00 |
| | Regular hourly rate of pay not less than 30 percent state minimum wage | Section 01.01.00 |
| ¶ 5 / C-2<br><br>CBA – Sunol, CA (laborers) | Wages | Section 01.01.00 |
| | Hours of work | Section 06.00.00 |
| | Working conditions of employees | Section 05.00.00 (Seniority); Section 06.00.00 (Working Rules); Section 08.00.00 (Holidays); Section 09.09.00 (Paid Time Off); *see generally* Exh.C-2 ("This Agreement shall be effective insofar as the schedule of wages, fringe benefits, and working conditions herein[.]") |
| | Premium wage rates for all overtime hours worked | Section 07.00.00 |
| | Regular hourly rate of pay not less than 30 percent state minimum wage | Section 01.01.00 |
| | Wages | Section 01.01.00 |
| | Hours of work | Section 06.00.00 |

---

[3] The Paragraph numbers and the exhibits are to the Declaration of Mark Epstein, attached here as Exhibit C. The location(s) and job positions are set forth or referenced in the identified paragraph.

Carrington, Coleman, Sloman & Blumenthal, L.L.P.

| | | Working conditions of employees | Section 05.00.00 (Seniority); Section 06.00.00 (Working Rules); Section 08.00.00 (Holidays & Paid Time Off); *see generally* Exh.C-3 ("This Agreement shall be effective insofar as the schedule of wages, fringe benefits, and working conditions herein[.]") |
|---|---|---|---|
| ¶ 6 / C-3 | CBA – Oakland and San Francisco (various employees) | Premium wage rates for all overtime hours worked | Section 07.00.00 |
| | | Regular hourly rate of pay not less than 30 percent state minimum wage | Section 01.01.00 |
| ¶ 7 / C-4 | CBA – Berkeley, CA (operating engineers) | Wages | Section 01.03.00 |
| | | Hours of work | Section 06.01.00, 06.01.01 |
| | | Working conditions of employees | Section 04.05.00 (Vacation, Holiday, and Sick Pay); Section 06.00.00 (Working Rules); Section 08.00.00 (Supplementary Working Conditions); *see generally* Exh.C-4 |
| | | Premium wage rates for all overtime hours worked | Section 06.25.00; Section; Section 13.05.10; Section 14.02.07 |
| | | Regular hourly rate of pay not less than 30 percent state minimum wage | Section 01.03.00 |
| ¶ 7 / C-5 | CBA - Berkeley, CA (laborers) | Wages | Section 18; Supplement Nos. 1-5 |
| | | Hours of work | Section 20(A)(1), (2) |
| | | Working conditions of employees | Section 20A (Hours and Working Conditions); Section 20A(4) (Weekends and Holidays); Section 23 (Holidays); Section 13C (Safety); *see generally* Exh.C-5 |
| | | Premium wage rates for all overtime hours worked | Section 20A |
| | | Regular hourly rate of pay not less than 30 percent state minimum wage | Supplement Nos. 1-5 |
| ¶ 7 / C-6 | | Wages | Section 18; Supplement Nos. 1, 2, 3, 4, 5 |
| | | Hours of work | Section 20A(1), (2), (3) |

Carrington, Coleman, Sloman & Blumenthal, L.L.P.

| | | |
|---|---|---|
| CBA – Berkeley, CA (laborers, prior CBA) | Working conditions of employees | Section 20A (Hours and Working Conditions); Section 20A(4) (Weekends and Holidays); Section 23 (Holidays); Section 13C (Safety); *see generally* Exh.C-6 |
| | Premium wage rates for all overtime hours worked | Section 20A(5) |
| | Regular hourly rate of pay not less than 30 percent state minimum wage | Section 18; Supplement Nos. 1-5 |
| ¶ 9(a) / C-7<br><br>CBA – Clayton, CA (operating engineers) | Wages | Section 03.00.00; Exh.C-8 (Wage Supplement) |
| | Hours of work | Section 04.00.00 |
| | Working conditions of employees | Section 04.00.00 (Work Schedule); Section 06.00.00 (Holidays); Section 07.00.00 (Paid Time Off); Section 11.00.00 (Seniority); *see generally* Exh.C-7 ("This Agreement shall be effective insofar as the schedule of wages, fringe benefits, and working conditions herein[.]") |
| | Premium wage rates for all overtime hours worked | Section 05.00.00 |
| | Regular hourly rate of pay not less than 30 percent state minimum wage | Section 03.00.00; Exh.C-8 (Wage Supplement) |
| ¶ 9(a) / C-9<br><br>CBA – Clayton, CA (laborers) | Wages | Section 01.01.00 |
| | Hours of work | Section 06.00.00 |
| | Working conditions of employees | Section 05.00.00 (Seniority); Section 06.00.00 (Working Rules); Section 08.00.00 (Holidays); Section 09.00.00 (Paid Time Off); *see generally* Exh.C-9 ("This Agreement shall be effective insofar as the schedule of wages, fringe benefits, and working conditions herein[.]") |
| | Premium wage rates for all overtime hours worked | Section 07.00.00 |
| | Regular hourly rate of pay not less than 30 percent state minimum wage | Section 01.01.00 |
| | Wages | Appendix "A" |
| | Hours of work | Article II(A) |

Carrington, Coleman, Sloman & Blumenthal, L.L.P.

Carrington, Coleman, Sloman & Blumenthal, L.L.P.

| | | |
|---|---|---|
| ¶ 9(b) / C-10<br><br>CBA – Asphalt/Cement Plants in Los Angeles, Orange, Riverside, Imperial, and San Diego Counties (various employees) | Working conditions of employees | Article II (Working Conditions); Article III (Holidays); *see generally* Exh.C-10 ("[I]t is the desire of the parties to establish uniform rates of pays, hours of employment and working conditions for members of the Union employed by Employer.") |
| | Premium wage rates for all overtime hours worked | Article II(B) |
| | Regular hourly rate of pay not less than 30 percent state minimum wage | Appendix "A" |
| ¶ 9(c) / C-11<br><br>CBA – Escondido, CA San Diego, CA National City, CA Oceanside, CA Lakeside, CA (drivers and mechanics) | Wages | Article 11 |
| | Hours of work | Article 5.1 |
| | Working conditions of employees | Article 4 (Seniority); Article 5 (Working Rules); Article 6 (Paid Holidays); Article 7 (Vacations); *see generally* Exh.C-11 ("[I]t is the desire of the Parties hereto to establish rates of pays, hours of employment and working conditions for members of the Union employed by the Company") |
| | Premium wage rates for all overtime hours worked | Article 5.2 |
| | Regular hourly rate of pay not less than 30 percent state minimum wage | Article 11 |
| ¶ 9(c) / C-12<br><br>CBA – Escondido, CA San Diego, CA National City, CA Oceanside, CA Lakeside, CA (drivers and mechanics, prior CBA) | Wages | Article 11 |
| | Hours of work | Article 5 |
| | Working conditions of employees | Article 4 (Seniority); Article 5 (Working Rules); Article 6 (Holidays); Article 7 (Vacations); Article 8 (Safety); *see generally* Exh.C-12 ("[I]t is the desire of the Parties hereto to establish rates of pay, hours of employment and working conditions for members of the Union.") |
| | Premium wage rates for all overtime hours worked | Article 5.2 |
| | Regular hourly rate of pay not less than 30 percent state minimum wage | Article 11 |
| | Wages | Article 4; Appendix A |
| | Hours of work | Article 3 |

| ¶ 9(d) / C-13<br><br>Goleta, CA<br>(drivers and repairmen) | Working conditions of employees | Article 10 (Seniority); Article 3 (Hours and Work); Article 7 (Paid Holidays); Article 8 (Paid Time Off) Article 15 (Safety and Working Conditions); *see generally* Exh.C-13 |
| | Premium wage rates for all overtime hours worked | Article 5 |
| | Regular hourly rate of pay not less than 30 percent state minimum wage | Appendix A |
| ¶ 9(e) / C-14<br><br>Calaveras County Stanislaus County Merced County (various employees) | Wages | Section 07.00.00 |
| | Hours of work | Section 05.01.00; Section 05.01.01; Section 05.02.00; *see generally* Section 05.00.00 |
| | Working conditions of employees | Section 04.00.00 (Seniority); Section 05.00.00 (Working rules); Section 09.00.00 (Holidays); Section 10.00.00 (Paid Time Off Policy); Article 15.00.00 (Safety); *see generally* Exh.C-14 ("This Agreement shall be effective insofar as the schedule of wages, fringe benefits, and working conditions herein") |
| | Premium wage rates for all overtime hours worked | Section 06.00.00 |
| | Regular hourly rate of pay not less than 30 percent state minimum wage | Section 07.00.00 |
| ¶ 9(f) / C-15<br><br>Madera County Fresno County (transit employees) | Wages | Section 22 |
| | Hours of work | Section 11, 11.01 |
| | Working conditions of employees | Section 10 (Vacations); Section 11 (Work Week); Section 13 (Holidays); Section 27 (Seniority); *see generally* Exh.C-15 |
| | Premium wage rates for all overtime hours worked | Section 12 |
| | Regular hourly rate of pay not less than 30 percent state minimum wage | Section 22 |
| ¶ 9(f) / C-16<br>/<br>Madera County Fresno County | Wages | Section 22 |
| | Hours of work | Section 11, 11.01 |
| | Working conditions of employees | Section 10 (Vacations); Section 11 (Work Week); Section 13 (Holidays); Section 27 (Seniority); *see generally* Exh.C-16 |

Carrington, Coleman, Sloman & Blumenthal, L.L.P.

| | | |
|---|---|---|
| (transit employees, prior CBA) | Premium wage rates for all overtime hours worked | Section 12 |
| | Regular hourly rate of pay not less than 30 percent state minimum wage | Section 22 |
| ¶ 9(g) / C-17<br><br>Irwindale, Los Angeles County (various employees) | Wages | Article V, Appendix "A" |
| | Hours of work | Article IV |
| | Working conditions of employees | Article 1, Section 1 ("The Employer recognizes the Union as the exclusive representative for the purpose of collective bargaining in respect to rates of pay, wages, hours of employment, or other conditions of employment . . ."); Article IV (Hours and Work); Article VIII (Paid Holiday); Article IX (Paid Time Off Policy); Article XI (Seniority); Article XVII (Safety and Working Conditions) |
| | Premium wage rates for all overtime hours worked | Article VI |
| | Regular hourly rate of pay not less than 30 percent state minimum wage | Appendix "A" |
| ¶ 9(g) / C-18<br><br>Irwindale, Los Angeles County (various employees, prior CBA) | Wages | Article IV; Appendix A |
| | Hours of work | Article III |
| | Working conditions of employees | Article I, Section 1 ("The Employer recognizes the Union as the exclusive representative for the purpose of collective bargaining in respect to rates of pay, wages, hours of employment, or other conditions of employment . . ."); Article III (Hours and Work); Article VII (Paid Holiday); Article VIII (Paid Time Off Policy); Article X (Seniority); Article XVI (Safety and Working Conditions) |
| | Premium wage rates for all overtime hours worked | Article V |
| | Regular hourly rate of pay not less than 30 percent state minimum wage | Appendix A |
| ¶ 9(h) / C-19 | Wages | Section 9 |
| | Hours of work | Section 7 |

Carrington, Coleman, Sloman & Blumenthal, L.L.P.

| | | |
|---|---|---|
| Lathrop, CA Tracy, CA (transit mix drivers and batchmen) | Working conditions of employees | Section 4 (Holidays); Section 7 (Hours); Section 11 (Paid Time Off): Section 14 (Seniority); *see generally* Exh.C-19 |
| | Premium wage rates for all overtime hours worked | Section 7(B) |
| | Regular hourly rate of pay not less than 30 percent state minimum wage | Section 9; Exh.C-20, Section 9 |
| ¶ 9(h) / C-20<br><br>Lathrop, CA Tracy, CA (transit mix drivers and batchmen, prior CBA) | Wages | Section 9 |
| | Hours of work | Section 7 |
| | Working conditions of employees | Section 4 (Holidays); Section 7 (Hours); Section 11 (Paid Time Off); Section 14 (Seniority); *see generally* Exh.C-20 |
| | Premium wage rates for all overtime hours worked | Section 7(B) |
| | Regular hourly rate of pay not less than 30 percent state minimum wage | Section 9 |
| ¶ 9(i) / C-21<br><br>Tehachapi, CA (various employees) | Wages | Article 31 |
| | Hours of work | Article 5 |
| | Working conditions of employees | Article 2 (Recognition) ("The Employer recognizes the Union as the sole collective bargaining representative with respect to wages, hours and working conditions for all employees as defined herein."); Article 5 (Hours); Article 9 (Seniority); Article 11 (Vacations); Article 12 (Paid Holidays); Article 18 (Safety Clause) |
| | Premium wage rates for all overtime hours worked | Article 6 |
| | Regular hourly rate of pay not less than 30 percent state minimum wage | Article 31 |
| ¶ 9(j) / C-22<br><br>Stockton, CA (various employees) | Wages | Schedule "A" |
| | Hours of work | Section 28.01, 28.03 |
| | Working conditions of employees | Section 4 (Terms of Employment); Section 18 (Safety and Sanitation); Section 21 (Holidays); Section 22 (Paid Time Off); Section 28 (Workweek, Workday, and Overtime); *see generally* Exhibit C-22 |

Carrington, Coleman, Sloman & Blumenthal, L.L.P.

Carrington, Coleman, Sloman & Blumenthal, L.L.P.

| | | |
|---|---|---|
| | Premium wage rates for all overtime hours worked | Section 28.06 |
| | Regular hourly rate of pay not less than 30 percent state minimum wage | Schedule "A" |
| ¶ 9(j) / C-23<br><br>Stockton, CA (various employes, prior CBA) | Wages | Schedule "A" |
| | Hours of work | Section 29.01, 29.03 |
| | Working conditions of employees | Section 4 (Terms of Employment); Section 10 (Seniority); Section 18 (Safety and Sanitation); Section 21 (Holidays); Section 22 (Paid Time Off); Section Safety and Sanitation); *see generally* Exh.C-23 |
| | Premium wage rates for all overtime hours worked | Section 29.06 |
| | Regular hourly rate of pay not less than 30 percent state minimum wage | Schedule "A" |
| ¶ 9(k) / C-24<br><br>Redding, CA (various employees) | Wages | Article 24 |
| | Hours of work | Article 5.10, 5.20 |
| | Working conditions of employees | Article 1 (Intent) ("It is therefore the intent to the parties and the purpose of this Agreement to . . . establish wages, hours and working conditions."); Article 5 (Hours); Article 9 (Seniority); Article 11 (Paid Time Off); Article 12 (Paid Holidays); Article 17 (Safety Clause); *see generally* Exh.C-23 |
| | Premium wage rates for all overtime hours worked | Article 6 |
| | Regular hourly rate of pay not less than 30 percent state minimum wage | Article 24 |
| ¶ 11(a) / C-25<br><br>Riverside County Orange County (operating engineers) | Wages | Appendix A-E |
| | Hours of work | Article XIX(A)-(E) |
| | Working conditions of employees | Purpose ("The Union and the Contractors, by this Agreement, intend to establish uniform rates of pay, hours of employment and working conditions."); Article XIX (Working Rules); *see generally* Exh.C-25 |
| | Premium wage rates for all overtime hours worked | Article XIX(W)(3) |

| | Regular hourly rate of pay not less than 30 percent state minimum wage | Appendix A-E |
|---|---|---|
| ¶ 11(a) / C-26<br><br>Riverside County<br>Orange County<br>(laborers) | Wages | Article XIX(K) |
| | Hours of work | Article XVIII(A)-(E) |
| | Working conditions of employees | Purpose ("The Union and the Contractors, by this Agreement, intend to establish uniform rates of pay, hours of employment and working conditions."); Holidays (XVI); Article XVII(A) (Safety); XVIII (Working Rules for Laborers); *see generally* Exh.C-26<br><br>Purpose; Article XVI; Article |
| | Premium wage rates for all overtime hours worked | Article XVIII(A); Article XIX(A) |
| | Regular hourly rate of pay not less than 30 percent state minimum wage | Article XIX(K) |
| ¶ 11(b) / C-27<br><br>San Diego<br>(operating engineers) | Wages | Appendix "A" |
| | Hours of work | Article XIX(A)-(E) |
| | Working conditions of employees | Purpose ("The Union and the Contractors, by this Agreement intend to establish uniform rates of pay, hours of employment and working conditions for the employees covered by this Agreement."); Article XIX (Working Rules); XVII(A) (Safety) |
| | Premium wage rates for all overtime hours worked | XIX(U) |
| | Regular hourly rate of pay not less than 30 percent state minimum wage | Appendix "A" |
| ¶ 11(b) / C-28<br><br>San Diego<br>(laborers) | Wages | Section 25 |
| | Hours of work | Section 20(A)-(E) |
| | Working conditions of employees | Purpose ("The Union and the Contractors, by this Agreement, intend to establish uniform rates of pay, hours of employment and working conditions for the employees covered by this Agreement."); Section 11 (Safety); Section 20 (Work Periods and Work Rules); Section 21 (Holidays) |
| | Premium wage rates for all overtime hours worked | Section 25(F) |

Carrington, Coleman, Sloman & Blumenthal, L.L.P.

| | Regular hourly rate of pay not less than 30 percent state minimum wage | Section 25 |
| --- | --- | --- |

Accordingly, Plaintiff's overtime-related claims connected to allegedly aggrieved employees under the above CBAs are preempted because those employees do not have a right to overtime compensation other than pursuant to the applicable CBAs, creating federal subject matter jurisdiction.[4] *Curtis*, 913 F.3d at 1155 (employee's overtime claim was controlled by a qualifying CBA and therefore preempted by Section 301 of the LMRA); *Rodriguez*, 2022 WL 18012518 at *3 (PAGA-overtime related claims preempted where Section 514 met); *Braswell*, 2022 WL 707206 at *4 (same); *Rodriguez v. Gonsalves & Santucci, Inc.*, No. 21-CV-07874-LB, 2022 WL 161892, at *4 (N.D. Cal. Jan. 18, 2022); *Jimenez*, 2021 WL 5999082, at *9–*11 (plaintiff's PAGA overtime-related claims under California Labor Code Sections 510, 1194, and 1198 preempted by Section 301 where CBA satisfied the requirements of California Labor Code Section 514); *Loaiza v. Kinkisharyo Int., LLC*, No. LA CV19-07662 JAK (KSx), 2020 WL 5913282, at *4 (C.D. Cal. Oct. 6, 2020) (Section 301 preemption applies where Section 514 met); *Franco v. E-3 Systems*, No. 199 cv-0453-HSG, 2019 WL 6358947, at *3–*4 (N.D. Cal. Nov. 8, 2019) (same); *Van Bebber v. Dignity Health*, No. 119-CV-00264-DAD-EPG, 2019 WL 4127204, at *8–*9 (E.D. Cal. Aug. 30, 2019) (same).

### C.  Plaintiff's Meal-Related Claims are Preempted.

Plaintiff claims that Martin Marietta's California hourly employees did not receive state-mandated meal periods and that Martin Marietta failed to make premium payments for missed meal periods. However, under Labor Code Section 512(e) and (f), California's meal periods do not apply to commercial drivers covered by a valid collective bargaining agreement that "expressly provides for the wages, hours of work, and working conditions of employees, and expressly provides for meal periods for those employees, final and binding arbitration of disputes

---

[4] Even if this right were based entirely on independent state law—which it is not—Plaintiff's PAGA claim will require interpretation of the applicable CBAs and this Court will need to review and interpret the provisions in the CBAs.

Carrington, Coleman, Sloman & Blumenthal, L.L.P.

concerning application of its meal period provisions, premium wage rates for all overtime hours worked, and a regular hourly rate of pay of not less than 30 percent more than the state minimum wage rate."[5]

Martin Marietta employed commercial drivers who were subject to the following CBAs, each of which expressly provides for (1) wages; (2) hours of work; (3) working conditions of employees; (4) premium wage rates for all overtime hours worked; (5) a regular rate of pay not less than 30 percent more than the state minimum wage rate; (6) meal periods for the employees; and (7) final and binding arbitration of disputes concerning application of its meal periods.

| Paragraph / Exhibit / Covered Location and Employees[6] | California Labor Code Requirement | CBA Provision |
|---|---|---|
| ¶ 9(c) / C-11<br><br>CBA – Escondido, CA San Diego, CA National City, CA Oceanside, CA Lakeside, CA (drivers and mechanics) | Requirements 1-5 | See above |
| | Meal periods | Art. 5.4.2 |
| | Final and binding arbitration of disputes concerning meal periods | Art. 5.4.2 |
| ¶ 9(c) / C-12<br><br>CBA – Escondido, CA San Diego, CA National City, CA Oceanside, CA Lakeside, CA (drivers and mechanics, prior CBA) | Requirements 1-5 | See above |
| | Meal periods | Art. 5.4.2 |
| | Final and binding arbitration of disputes concerning meal periods | Art. 5. 4.2 |

---

[5] Martin Marietta's Notice of Removal included rest periods within the scope of Section 512. On further review, Section 512(e) and (f) pertain only to meal periods.

[6] As explained above, paragraph numbers and the exhibits are to the Declaration of Mark Epstein, attached here as Exhibit C. The location(s) and job positions are set forth or referenced in the identified paragraph.

<div style="writing-mode: vertical">Carrington, Coleman, Sloman & Blumenthal, L.L.P.</div>

| | | |
|---|---|---|
| ¶ 9(d) / C-13<br><br>Goleta, CA<br>(drivers and<br>repairmen) | Requirements 1-5 | See above |
| | Meal periods | Article 3, Sections 3 and 4 |
| | Final and binding arbitration of disputes concerning meal periods | Article 3, Section 3; Article 11 |
| ¶ 9(f) / C-15<br><br>Madera County<br>Fresno County<br>(transit employees) | Requirements 1-5 | See above |
| | Meal periods | Section 11.01(B) |
| | Final and binding arbitration of disputes concerning meal periods | Section 11.01(B); Section 20 |
| ¶ 9(f) / C-16<br>/<br>Madera County<br>Fresno County<br>(transit employees,<br>prior CBA) | Requirements 1-5 | See above |
| | Meal periods | Section 11.01(B) |
| | Final and binding arbitration of disputes concerning meal periods | Section 11.01(B); Section 20 |
| ¶ 9(h) / C-19<br><br>Lathrop, CA<br>Tracy, CA<br>(transit mix drivers<br>and batchmen) | Requirements 1-5 | See above |
| | Meal periods | Section 21 |
| | Final and binding arbitration of disputes concerning meal periods | Section 21; Section 10 |
| ¶ 9(h) / C-20<br><br>Lathrop, CA<br>Tracy, CA<br>(transit mix drivers<br>and batchmen,<br>prior CBA) | Requirements 1-5 | See above |
| | Meal periods | Section 21 |
| | Final and binding arbitration of disputes concerning meal periods | Section 21; Section 10 |

Accordingly, Plaintiff's meal period-related claims connected to allegedly aggrieved employees under the above CBAs involve rights conferred upon the covered employees by various CBAs.[7] *See Rodriguez v. Gonsalves*, 2022 WL 161892 at *4 (where CBA satisfies Section

---

[7] Even if the right to meal periods was based entirely on independent state law—which it is not—Plaintiff's PAGA claim will require interpretation of the applicable CBAs, creating preemption. *Chatman v. WeDriveU, Inc.*, No. 3:22-CV-04849-WHO, 2022 WL 15654244, at *2, *10 (N.D. Cal. Oct. 28, 2022) (PAGA claims preempted where entitlement to relief under Section 512 requires interpretation of CBA provisions).

512(e), employee rights to meal periods is conveyed solely by CBA, and preemption is proper). Section 301 preemption, therefore, creates federal subject matter jurisdiction. *Id.* at *2; *Rodriguez*, 2022 WL 18012518 at *4; *Jimenez*, 2021 WL 5999082 at *11; *Taylor v. NBC West, LLC*, No. CV 19-7663-DMG (PLAx), 2020 WL 8268197, at *2 (C.D. Cal. Jan. 2, 2020).[8]

In addition, the regulations of the Federal Motor Carrier Safety Administration preempt application of California's meal and rest periods for certain commercial drivers including ready mix drivers.[9] *Int'l Bhd. of Teamsters, Loc. 2785 v. Fed. Motor Carrier Safety Admin.*, 986 F.3d 841 (9th Cir. 2021); *Razo v. CEMEX Constr. Materials Pac., LLC¸* No. 20-11175-MWF (KSx), 2021 WL 325638, at *5 (C.D. Cal. Feb. 1, 2021) (FMCSA completely preempts ready mix drivers' meal and rest period claims, supporting removal). The Northern District of California recognizes FMCSA preemption of meal and rest periods but has held it is not complete preemption supporting removal. *Lindsey v. WC Logistics, Inc*., 586 F.Supp.3d 983, 989–91 (N.D. Cal. 2022).

## V.   CONCLUSION

Martin Marietta therefore requests that this Court (i) issue an order that the Court has subject matter jurisdiction over this case; and (ii) grant Martin Marietta any additional relief that the Court determines is appropriate.

---

[8] Plaintiff's claims are also preempted under Section 301 because they arise under the Labor Code provisions that are subject to applicable CBAs' grievance and arbitration procedures. Specifically, as shown in Exhibits C-1 through C-28, the relevant CBAs call for final and binding arbitrations for any disputes regarding the contents or rights therein. Epstein Decl., ¶ 11. Some CBAs specify that PAGA claims are subject to the mandatory grievance and arbitration procedures. *See, e.g.*, Exh.C-4; Exh.C-25; Exh.C-26; Exh.C-27.

[9] This would also be a basis for supplemental jurisdiction.

Carrington, Coleman, Sloman & Blumenthal, L.L.P.

DATED:  May 15, 2023

CARRINGTON, COLEMAN,
SLOMAN & BLUMENTHAL, L.L.P


By: /s/ *Mike Birrer*

MIKE BIRRER
Attorneys for Defendant
MARTIN MARIETTA MATERIALS, INC.

Carrington, Coleman, Sloman & Blumenthal, L.L.P.