CARRINGTON, COLEMAN,
SLOMAN & BLUMENTHAL, L.L.P.
Mike Birrer (Texas Bar No. 00783662)
mbirrer@ccsb.com
(*Admitted Pro Hac Vice*)
Kelli Hinson (Texas Bar No. 00793956)
(*Admitted Pro Hac Vice*)
khinson@ccsb.com
Jordan R. Brownlow (Texas Bar No. 24120729)
jbrownlow@ccsb.com
(*Admitted Pro Hac Vice*)
901 Main Street, Suite 5500
Dallas, Texas 75202
Telephone:  214-855-3000
Facsimile:  214-580-2641

DOWNEY BRAND LLP
CASSANDRA M. FERRANNINI (Bar No. 204277)
cferrannini@downeybrand.com
DARIA A. GOSSETT (Bar No. 316717)
dgossett@downeybrand.com
621 Capitol Mall, 18th Floor
Sacramento, California 95814
Telephone:  916-444-1000
Facsimile:  916-444-2100

Attorneys for Defendant
MARTIN MARIETTA MATERIALS, INC.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| AUSTEN SHWIYHAT, on behalf of himself and the State of California as a private attorney general,<br><br>Plaintiff,<br><br>v.<br><br>MARTIN MARIETTA MATERIALS, INC., a North Carolina corporation, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 23-CV-00283-JSC<br><br>**DEFENDANT'S REPLY TO PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL EVIDENCE IN SUPPORT OF PARTIAL MOTION FOR SUMMARY JUDGMENT**<br><br>Date:    October 5, 2023<br>Time:    10:00 a.m.<br>Crtrm.:   8 |

Case No. 23-CV-00283-JSC
DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR LEAVE TO SUPPLEMENT

## I. INTRODUCTION

Plaintiff objects to Martin Marietta's Motion for Leave on the belief that the Supplemental Declaration of Cole Jacobs regarding the weight of ready-mix trucks is purportedly an "improper effort" to supplant Reedy's 30(b)(6) testimony. Incorrect. The 30(b)(6) Notice was narrow; it requested testimony about the contents of the Reedy Declaration and the contents of the other declarations referenced in the summary judgment motion. Declarations by their nature (and as stated in the declarations themselves) are based on and thus limited to the declarant's personal knowledge. Thus, Reedy's testimony about the content of her own declaration does not somehow prevent others from testifying about their personal knowledge. Jacobs's supplemental testimony does not somehow supplant the Reedy Declaration or Reedy's testimony about her declaration. Further, as with any deposition, a Rule 30(b)(6) deponent can correct and modify their testimony. The Court should therefore grant Martin Marietta's Motion for Leave to File Supplemental Evidence.

## II. REPLY TO THE FACTUAL STATEMENTS

The "Statement of Relevant Facts" in Plaintiff's Memorandum contains several non-factual arguments, and these are addressed in Martin Marietta's summary judgment reply. Martin Marietta incorporates those arguments by reference herein. Below, Martin Marietta addresses Plaintiff's facts and issues specifically focused on the Motion for Leave.

**A.    Tricia Reedy's Deposition Testimony as Rule 30(b)(6) Representative.**

On August 4, 2023, Martin Marietta filed its Motion for Partial Summary Judgment. ECF No. 36. The Declaration of Tricia Reedy was attached to the Motion. ECF No. 38. On August 18, 2023, Plaintiff served a Rule 30(b)(6) Notice that identified the following topics for which Reedy was offered as the corporate representative:

> 3. The contents and statements contained within the Declaration of Tricia Reedy filed in Support of Defendant's Motion for Partial Summary Judgment (ECF No. 38).
>
> 4. The contents and statements contained within the Declaration of Cole Jacobs filed in Support of Defendant's Motion for Partial Summary Judgment (ECF No. 40).

ECF No. 59-2, p. 3. On August 25, 2023, Plaintiff deposed Reedy. ECF No. 50, p. 2 (Brownlow

Decl. ¶ 3). Reedy was the Martin Marietta employee with the most information about her own Declaration. At the outset of Reedy's deposition, counsel for Martin Marietta stated, "I agree with Mr. Emma's statement that this is a deposition on the topics of Ms. Reedy's declaration and Mr. Cole Jacob's declaration." ECF No. 57-4, p. 59:12–14. Based on the 30(b)(6) Notice, counsel for Plaintiff now claims that "Reedy had already been deposed as MMM's person most knowledgeable regarding the weight of MMM's ready-mix trucks." Emma Decl. ¶ 9, ECF No. 57, p. 3. But that topic was not listed in the 30(b)(6) Notice. And counsel for Plaintiff noted during the first deposition that "I understand that this may not be binding corporate testimony to the extent it's beyond the [declaration]." ECF No. 57-4, p. 34 (Epstein Depo., p. 33:3-17).

**B.      Martin Marietta Made Jacobs Available for Deposition; Plaintiff Declined.**

The draft Motion for Leave and proposed Supplemental Declaration of Jacobs were provided to Plaintiff on August 29, 2023, four days after Reedy's deposition and sixteen days before his summary judgment response was due. *See* ECF No. 50, p. 2 (Brownlow Decl. ¶¶ 3, 5). Martin Marietta simultaneously provided deposition dates and agreed to pay for the cost of an expedited deposition transcript. ECF No. 50, p. 2 (Brownlow Decl. ¶ 5). Despite offering multiple dates for Jacobs's deposition and agreeing to pay for an expedited transcript, Plaintiff's counsel declined to depose him, opting to oppose the Motion for Leave. *See* ECF No. 50, p. 2 (Brownlow Decl. ¶ 7); ECF No. 50-3 (Exhibit C).

### III.     ARGUMENT

**A.      Plaintiff Does Not Dispute the Relevant Standard.**

Plaintiff does not dispute that the Court has discretion to grant leave for a party to supplement evidence in support of a material fact pursuant to Federal Rule of Civil Procedure 56(e)(1). ECF No. 49, p. 4.

**B.      Martin Marietta Can Supplement or Correct 30(b)(6) Testimony.**

Martin Marietta does not believe Reedy's deposition needs to be corrected because the testimony in question was limited to her declaration—not what Martin Marietta may generally know about the weight of ready-mix trucks. In any event, contrary to the assertions in Plaintiff's Response, corporate representative testimony is not irretrievably binding, and Martin Marietta has

the right to supplement or correct such testimony. In the Ninth Circuit:

> Rule 30(b)(6) testimony also *is not binding* against the organization in the sense that the testimony *can* be corrected, explained and supplemented, and the entity is not "irrevocably" bound to what the fairly prepared and candid designated deponent happens to remember during the testimony.

*Snapp v. United Transp. Union*, 889 F.3d 1088, 1104 (9th Cir. 2018) (quoting 7 James Wm. Moore, et al., Moore's Federal Practice § 30.25[3] (3d ed. 2016)) (emphasis added). This is the practice in most courts. *Id.* (collecting cases); *see, e.g.*, *Vehicle Mkt. Research, Inc. v. Mitchell Int'l, Inc.*, 839 F.3d 1251, 1260 (10th Cir. 2016) (collecting cases); *Keepers, Inc. v. City of Milford*, 807 F.3d 24, 34–35 (2d Cir. 2015) ("Rule 30(b)(6) testimony is not 'binding' in the sense that it precludes the deponent from correcting, explaining, or supplementing its statements.").

Second, nothing in Rule 30(b)(6) precludes Martin Marietta from offering subsequent testimony where the original deponent has disclaimed knowledge—and it is not a move to "contradict," "unwind," or "disavow" Reedy's testimony. *See Keepers*, 807 F.3d at 35 ("A subsequent witness does not 'contradict' a Rule 30(b)(6) deponent when that witness offers information about which the deponent had disclaimed knowledge or expressed uncertainty."). This interpretation of Rule 30(b)(6) makes practical sense. Corporate representatives speak for the company, not in their personal capacity, and therefore the company may correct its own factual statements in the record. *See Hewlett-Packard Co. v. Mustek Sys., Inc.*, No. 99-CV-351-RHW, 2001 WL 36166855, at *2 (S.D. Cal. June 11, 2001) ("case law stating that the witness's statements are 'binding' on the corporation merely means that the witness has authority to speak on the corporation's behalf—it does not mean that the corporation cannot later vary its answer.").

The Ninth Circuit explicitly rejects Plaintiff's position. In *Snapp*, the court considered Moore's Federal Practice § 30.25[3], the same—and only—authority Plaintiff offers to support the proposition that Rule 30(b)(6) testimony cannot be supplemented or corrected. *See* ECF No. 58 at 6 (Plaintiff's quotation from the treatise). The Ninth Circuit first quoted Moore's, and then distinguished it:

> As such, "courts have ruled that because a Rule 30(b)(6) designee testifies on behalf of the entity, the entity is not allowed to defeat a motion for summary judgment based on an affidavit that conflicts with its Rule 30(b)(6) deposition or contains information that the Rule 30(b)(6) deponent professed not to know." *Id.* [7 James Wm. Moore et al.,

Moore's Federal Practice § 30.25[3] (3d ed. 2016)].

This general proposition should not be overstated, however, because it applies *only* where the purportedly conflicting evidence truly, and *without good reason* or explanation, is in conflict, i.e., where it cannot be deemed as clarifying or simply providing full context for the Rule 30(b)(6) deposition.

*Snapp*, 889 F.3d at 1103 (quoting Moore's Federal Practice § 30.25[3]) (emphasis added).[1]

Jacobs's Supplemental Declaration does not contradict or dispute the Reedy Declaration or Reedy's testimony about her Declaration. Rather, Martin Marietta seeks to supplement its summary judgment evidence regarding truck weight because it (correctly) anticipated Plaintiff would complain about Reedy's personal knowledge on the topic. Plaintiff essentially asks this Court to lock in a factual record that may be incomplete and for which Martin Marietta promptly sought leave to supplement. As shown above, the Ninth Circuit does not agree with Plaintiff's approach and denying Martin Marietta its requested leave would frustrate the Court's resolution of preemption issues on the merits.

C. **Reedy's Deposition Testimony Does Not Undermine Her Declaration.**

Neither of the two statements that Plaintiff identifies from Reedy's deposition "undermine" her declaration. *See* ECF No. 58, p. 4. Reedy testified in the capacity of corporate representative to explain the basis for her personal knowledge of the weight of the ready-mix trucks. Her full statement, selectively quoted by Plaintiff, in fact supports her explanation that she learned the trucks weigh over 27,000 pounds in the course of her employment:

> Q: Similar question. How is it that you know what the weight is of the ready-mix trucks?
>
> A: Like I said earlier, I've done interviews with the -- one of the folks that we did our interviews with ready mix drivers was one of the transportation managers. And at one time, he told me that that's how much the truck weighs unloaded.

---

[1] The Tenth Circuit has emphasized that "selective quotation from Moore's Federal Practice does not accurately present the treatise's position on this issue," because it "omits language from the same section of Moore's Federal Practice." *Vehicle Mkt. Rsch., Inc.*, 839 F.3d at 1260. Like the plaintiff in *Vehicle Market Research*, Plaintiff here also "attempts to pluck portions of the treatise's discussion of Rule 30(b)(6), while wholly omitting sections that expressly refute its argument." *See id.*

ECF No. 59-4, pp. 106–07 (105:24–106:5). That transportation manager was "responsible for supervising a group of ready mix drivers" and "overall managing of any job duties that had to do with the ready mix driver." *Id.*, p. 110 (109:5–10). When asked more specifically how she knew the weight of the trucks was over 27,000 pounds, Ms. Reedy testified she "knows[s] that because of the times [she] worked with [the transportation manager] and the other managers. . . . [B]ecause of [her] experience being around them for so many years and doing the interviews with them." *Id.*, p. 111 (110:8–20). This testimony is entirely consistent with the Reedy Declaration. Plaintiff's other example of testimony that "undermines" Reedy's declaration—that she does not know the differences between a Class A and Class B driver's license—does not undermine her attestation that she has personal knowledge that ready-mix drivers are required to hold such licenses. *Id.*, p. 104-105 (103:21—104:15).

**D.     If a Good Cause Standard Applies, Martin Marietta Has Shown Good Cause.**

Although Plaintiff mentions the good cause standard, he never explains why that standard applies when Martin Marietta moved to supplement under Rule 56(e)(1). In any event, Martin Marietta meets the good cause standard. When supplementary evidence will aid the Court in resolving material questions of fact, good cause exists to supplement the record. *See, e.g.*, *Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-CV-03078-JSC, 2015 WL 3882448, at *9–10 (N.D. Cal. June 23, 2015) (finding good cause to supplement summary judgment evidence of material facts where there was time to complete additional discovery regarding the supplement); *see also* Section II(B), above (describing measures Martin Marietta took so that Plaintiff could timely depose Jacobs).

**E.     No Prejudice to Plaintiff.**

The good cause standard "primarily considers the diligence of the party" seeking leave, but here, there is no prejudice to Plaintiff. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). The fact that ready-mix trucks weigh more than the FMCSA threshold is not reasonably in dispute. Plaintiff offers no contrary evidence, and he declined the opportunity to depose Jacobs prior to opposing the request for leave. He cannot claim leave was sought with dilatory motive or for the purpose of delay. And he cannot claim unfair surprise, given Martin

Marietta made him aware of its intent to seek leave to supplement the record approximately two weeks before the deadline for his opposition to the partial motion for summary judgment.

F. **Jacobs's Supplemental Declaration Is Supported by Personal Knowledge.**

Plaintiff objects to the proposed Supplemental Declaration of Cole Jacobs (ECF No. 50-2), asserting Jacobs's declaration is not supported by personal knowledge. The declaration goes beyond conclusory statements as to the basis for Jacobs's personal knowledge. Specifically, he states,

> Through my work duties with Martin Marietta, I have personal knowledge of the facts stated herein, which are true and correct. I am familiar with the company's ready-mix trucks used in California prior to the divestiture of the California ready-mix operations. As Regional Vice President, my job required I have knowledge of production and fleet capabilities. This included knowledge of what the ready-mix trucks were generally capable of transporting.

Jacobs Decl. ¶ 3, ECF No. 50-2, p. 3. This is sufficient to show he has personal knowledge as to the weight of the ready-mix trucks. Plaintiff's "objection" is conjecture, given he declined to depose Jacobs to further investigate the basis for his personal knowledge. Plaintiff's argument in the alternative that Jacobs's declaration is based on hypotheses (taking issue with his use of the qualifier "generally") goes to the credibility and weight of the evidence, not its admissibility. Therefore, this is not a proper basis for excluding this evidence from the summary judgment record.

## IV. CONCLUSION

For the above reasons, as well as the reasons laid out in Martin Marietta's Reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment, Plaintiff's Motion for Leave to File Supplemental Evidence in Support of Partial Motion for Summary Judgment should be granted.

1  DATED: September 21, 2023         CARRINGTON, COLEMAN, SLOMAN &
                                     BLUMENTHAL, L.L.P.

                                     By:    /s/ Mike Birrer
                                            MIKE BIRRER
                                            Attorneys for Defendant
                                     MARTIN MARIETTA MATERIALS, INC.