EMPLOYMENT LAWYERS
LEONARD EMMA (SBN 224483)
lemma@employment-lawyers.com
1999 Harrison Street, 18th Floor
Oakland, CA 94612
Tel:   (415) 362-1111
Fax:   (415) 362-1112

Attorneys for Plaintiff
AUSTEN SHWIYHAT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| AUSTEN SHWIYHAT, on behalf of himself and the State of California as a private attorney general,<br><br>Plaintiff,<br><br>vs.<br><br>MARTIN MARIETTA MATERIALS, INC., a North Carolina Corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 23-CV-00283-JSC<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND**<br><br>Date:   October 5, 2023<br>Time:  10:00 a.m.<br>Ctrm.:  8 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

For the reasons expressed in Plaintiff Austen Shwiyhat's ("Plaintiff") Motion to Remand (ECF No. 41) and this Reply, Plaintiff's claims are not preempted by the LMRA and the Court should not look to hypothetical claims of absent employees to determine federal question jurisdiction. *Stoddart v. Heavy Metal Iron, Inc.* 2023 WL 2524313 at *5 (E.D Cal. March 15, 2023).

However, even if the Court determines that Plaintiff's PAGA claim potentially encompasses employees whose claims are preempted, Plaintiff's Original Complaint does not require the Court to analyze or interpret any CBAs. Indeed, Defendant MMM has failed to identify even a single provision within a single CBA that requires analysis or interpretation within its Opposition (or within its MSJ). Accordingly, there are no federal questions presented here.

Rather than following the procedure prescribed by the Court to resolve potential federal questions, MMM seized upon ambiguity in the Court's prescribed process and now tries to summarily adjudicate the claims of at least 490 employees. (ECF Nos. 36 and 56.) Plaintiff is reminded of the old adage: give them an inch, and they take a mile.

Plaintiff filed this case in Alameda County on December 6, 2022. Ten months will have elapsed by the time these motions are heard by the Court, and no merits discovery will have taken place. It's time to resolve jurisdiction so that Plaintiff may progress his case.

## II. ARGUMENT

### A. Plaintiff's Motion is Consistent with the Prescribed Remand Process

#### 1. The June 1, 2023, CMC Established a Remand Process

MMM's Opposition characterizes the June 1, 2023, Case Management Conference as a "Show Cause" hearing. (ECF No. 53 at 2:7-8.) This is not the case. It was a CMC. It was not a contested motion hearing. Plaintiff was neither invited nor authorized by the Court to file a written brief regarding federal question jurisdiction. Similarly, Plaintiff was neither invited nor authorized by the Court to submit a written opposition to Defendant's Response to the Court's OSC. What happened procedurally is that the Court issued an "Order to Defendant to Show Cause

-2-

re: Subject Matter Jurisdiction." (ECF No. 22.) MMM then filed a response. (ECF No. 26.) That's it.

Eventually, the Court held a CMC in the ordinary course on June 1, 2023. When the Court asked Plaintiff about MMM's OSC response at the CMC, Plaintiff noted that "the devil is in the details," and offered to meet and confer with MMM to address MMM's allegations regarding federal subject matter jurisdiction to facilitate remand. (ECF No. 50-1 at 4:1-10.)

### 2. The Court Prescribes a Remand Process Based Upon CBA Language

At the time of the June 1, 2023, CMC, Plaintiff did not know that MMM would convert the remand procedure prescribed by the Court into a process whereby MMM would attempt summarily adjudicate the claims of at least 490 employees on matters that are not relevant to a determination of federal question jurisdiction. Rather, Plaintiff's understanding was that the Parties would attempt to stipulate to preemption based upon (i) the four corners of Plaintiff's Original Complaint plus (ii) a review of the CBAs submitted by MMM in response to the Court's OSC. Plaintiff further understood that, to the extent the Parties could not stipulate to remand, issues that could be decided as a matter of law (based upon review of Plaintiff's Original Complaint and the CBAs) would be presented to the Court for adjudication. Plaintiff's understanding is corroborated by the Court's statements during the CMC: the Court noted that MMM's limited MSJ would "just be based on the CBA language, so it's not like discovery would be required." (ECF No. 50-1 at page 6 of 9.) This is not what happened.

### 3. MMM Goes Rogue and Files an MSJ About Entirely Different Issues

Rather than limiting the contents of its MSJ to issues pertaining to the analysis or interpretation of its CBAs, MMM filed a MSJ far exceeding the scope of any potential federal questions presented by Plaintiff's Original Complaint. Furthermore, MMM introduced an array of specious evidence in support of its gambit.

It became apparent to Plaintiff during meet and confer calls in July 2023 that MMM had no intention of adhering to the remand process outlined by the Court at the June 1, 2023, CMC. Rather, MMM's posturing revealed an intention to subjugate that process. In an attempt to restore order to the proceedings, Plaintiff filed the instant Motion to Remand and his Motion for Leave

-3-

to Amend. Plaintiff never intended to file these motions and Plaintiff never would have filed these Motions if MMM had not gone rogue during the meet and confer process.

### B. There Has Never Been a Legitimate Basis for Federal Question Jurisdiction

#### 1. The Original Complaint Does Not Encompass Preempted Claims

Plaintiff's Original Complaint limits the group that Plaintiff seeks to represent to only those employees "who have suffered one more of the alleged violations ("Aggrieved Employees")." (ECF No. 1-1, Ex. A at 1:19-21.) This language mirrors the statutory language of the PAGA, which limits the employees who Plaintiff may represent to "any person who was employed by the alleged violator and against whom one or more of the alleged violations was committed." Cal. Lab. Code § 2699(c).

MMM states that "Defendant denies any of the employees Plaintiff seeks to represent are aggrieved employees. Thus, under Plaintiff's logic, Plaintiff's Complaint does not include any employees." (Opposition at fn. 1.) MMM's footnote conflates the resolution of an ultimate question of a fact (i.e., whether a California employee suffered a violation of the California Labor Code) with the resolution of a preliminary question of law (i.e., whether the California Labor Code applies to an employee in the first place). *See Chatman v. WeDriveU, Inc.,* 2022 WL 15654244 (N.D. Cal. 2022) (internal citations omitted) (determination of LMRA preemption requires courts to first assess "the legal character of the claims" and then, if applicable, determine "whether the claim cannot be resolved by simply looking to versus interpreting the CBA").

By way of example, Plaintiff's Original Complaint no more encompasses the preempted claims of MMM's employees than it encompasses claims by MMM employees who worked for MMM outside of the statute of limitations period for the PAGA claim. This is because neither of these groups of employees could have suffered a PAGA violation as a matter of law. Indeed, the PAGA is explicitly limited to employees who have suffered a violation of the California Labor Code during the relevant limitations period. *Kim v. Reins International California, Inc.,* 9 Cal.5th 73, 82, fn. 2 (2020) (A "violation" for purposes of determining whether an employee is an aggrieved employee for PAGA purposes "is defined as 'a failure to comply with any requirement of the [California Labor Code].' ([Cal. Lab. Code] § 22.)").

### 2. Persuasive Authority Establishes that Removal Was Improper

Both *Stoddart* and *Rivera* held that federal question jurisdiction based on LMRA preemption of PAGA claims does not exist if the named Plaintiff was not subject to a CBA. *Stoddart v. Heavy Metal Iron, Inc.* 2023 WL 2524313 at *5 (E.D Cal. March 15, 2023); *Rivera v. AHMC Healthcare, Inc.* 2022 WL 716094 (C.D. Cal. March 10, 2022). Defendant admits that Plaintiff was not covered by a CBA, which could result in LMRA preemption. (ECF No. 1 ¶ 11.) The cases cited by Defendant in its Opposition are inapposite as they involved class claims with class definitions that covered all non-exempt employees. *See Rodriguez v. Gonsalves Santucci, Inc.,* 2022 WL 161892 (N.D. Cal. Jan. 18, 2022) (class action claims without PAGA); *Thieroff v. Marine Spill Response Corp.,* 2022 WL 2965393 (C.D. Cal. June 6, 2022) (class and PAGA claim with class defined as "all non-exempt employees"). The statutory definition of aggrieved employees contained within PAGA does not include all non-exempt employees but rather only includes those employees who could have suffered a violation of the California Labor Code. Cal. Lab. Code § 2699(c). Accordingly, Plaintiff respectfully requests that the Court follow *Stoddart* and *Rivera* and find that federal question jurisdiction does not exist.

### 3. Analysis and/or Interpretation of CBAs is Not Required

Ultimately, the test for LMRA preemption is whether resolution of state law claims requires the court to construe a provision of a CBA. *Lingle v. Norge Div. of Magic Chef, Inc.* 486 U.S. 399, 405-06 (1988). However, "the bare fact that a collective-bargaining agreement will be consulted in the court of state-law litigation plainly does not require the claim to be extinguished." *Livadas v. Bradshaw,* 512 U.S. 107, 124 (1994). The Ninth Circuit has held that the preemption inquiry has two parts: (1) a court must first determine "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA"; (2) if the claim involves a right conferred upon an employee by state law independently of the CBA, the court must determine if that right is "substantially dependent on an analysis of a collective bargaining agreement." *Burnside v. Kiewit Pac. Corp.,* 491 F.3d 1053, 1059-60 (9th Cir. 2007).

MMM has failed to establish (or even argue) that the analysis or interpretation of even one of its CBAs would be required to resolve any of the claims by Plaintiff or any of the 490 plus

aggrieved employees who it wishes to exclude from this litigation. Nowhere in any of MMM's filings does MMM contend that the analysis or interpretation of one of its CBAs will be required to resolve even one claim of a single CBA-covered employee. This is because none of the claims at issue in this litigation will require the analysis or interpretation of MMM's CBAs. Accordingly, federal question jurisdiction does not exist here. The claims put at issue by Plaintiff's Original Complaint require the resolution of entirely different issues that have nothing to do with federal question jurisdiction.

For example, a fact finder will be required to determine if MMM's CBA-covered employees are in a construction occupation as defined by California law (meal period claims). (*See*, e.g., ECF No. 56 at p. 18-19 of 20.) Interpretation and application of the term "construction occupation" -- which is a term created and defined by California state law and is not a creature of any of MMM's CBAs -- does not confer federal question jurisdiction and should be left to a California court. *Montana v. Wyoming,* 563 U.S. 368, 378, fn. 5. Similarly, a fact finder will be required to determine if MMM's ready-mix drivers are in interstate commerce as required by the FMCSA. (*See*, e.g., ECF No. 56 at p. 15 of 20.) However, FMCSA preemption does not provide for federal question jurisdiction. *Lindsey v. WC Logistics, Inc.,* 586 F.Supp.3d 983, 990-991 (holding that because the FMCSA does not provide for complete preemption the affirmative defense of FMCSA preemption does not provide for federal question jurisdiction). Accordingly, the Court should remand this case because MMM has not established that analysis or interpretation of its CBAs will be required to resolve the claims of its employees.

**C.      Federal Question Jurisdiction May Be Addressed at Any Time**

MMM states that "Plaintiff did not timely move to remand." (Opposition at 2:3-4.) MMM provides no authority for this proposition because federal subject matter jurisdiction including both federal question and diversity jurisdiction need not be resolved promptly following removal. *International Primate Protection League v. Administrators of Tulane Educational Fund,* 500 U.S. 72, 87 (1991). MMM cites to *Williams v. Costco Wholesale Corp.,* 471 F.3d 975, 976 (9th Cir. 2006), for the proposition that federal question jurisdiction can only be decided at the time of removal. Defendant, however, omits the following crucial passage from *Williams*: "Here, the

district court had authority over the state law claims in the original complaint. [Citation]. Dismissal of the federal claim would thus, ordinarily, have authorized the district court to remand the pendent state law claims. [Citation]." *Id.* at 977. In the instant case, Plaintiff's Original Complaint does not contain federal claims. To the extent the Court is persuaded otherwise, Plaintiff has offered to file a proposed FAC which explicitly eliminates any potential lingering federal questions.

### D. Statements by Plaintiff Cannot Confer Federal Question Jurisdiction

MMM states that "Plaintiff's Original Complaint clearly seeks to include preempted claims in its PAGA representative action." (ECF No. 53, Opposition at 3:25-4:1.) MMM's support for this conclusory statement are the remarks by Plaintiff's counsel at the June 1, 2023, CMC, which remarks are taken out of context. (See *Id*. at 2:7-8.) However, MMM cannot establish federal question jurisdiction on this basis because the parties to an action cannot create federal question jurisdiction where jurisdiction does not exist. *Bender v. Williamsport Area School Dist.,* 475 U.S. 534, 541 (1986). Indeed, a party does not waive defective subject matter jurisdiction by failing to waive it earlier in the proceedings. *Insurance Corp. of Ireland, Ltd. v. Compagnie Des Bauxites De Guinee,* 456 U.S. 694, 702 (1982). What's more, a party may raise an objection to subject matter jurisdiction even if they previously conceded that it may exist. *Sebelius v. Auburn Regional Med. Ctr.,* 568 U.S. 145, 153 (2013). Accordingly, MMM's arguments that federal subject matter jurisdiction has somehow been established by the statements of Plaintiff's counsel are entirely without merit and cannot serve as a basis for federal question jurisdiction.

Similarly, MMM attempts to misconstrue Plaintiff's good-faith offer to amend his complaint into an admission that federal question jurisdiction exists. This is not the case. Plaintiff does not state within the Parties' Stipulation and Joint Statement as to Scope of Issues Moving Forward that the overtime claims of certain employees confers subject matter jurisdiction as MMM contends. To the contrary, Plaintiff states that he "shall amend his Complaint" to exclude these employees. (ECF No. 34 at p. 2 of 3.) Plaintiff's offer merely clarified the group of employees encompassed by his Original Complaint.

### E. Plaintiff's Proposed FAC Eliminates Any Potential Federal Questions

As discussed above, Plaintiff grew skeptical of MMM's intentions during the meet and confer process following the June 1, 2023, CMC. Plaintiff drafted a FAC to (1) document his position during the meet and confer process with MMM and (2) eliminate any potential federal questions that MMM had complained about during the meet and confer process. Plaintiff's proposed FAC eliminates any potential lingering federal question that could even theoretically confer federal question jurisdiction under the LMRA. Indeed, Plaintiff engaged in this process in the first place in an effort to satisfy MMM so that the case could be remanded and merits discovery could proceed. Sadly, however, Plaintiff has come to learn that MMM has no interest in adhering to the remand process prescribed by the Court during the June 1, 2023, CMC. Rather, MMM would prefer to have it both ways by (1) refusing to resolve federal questions while also (2) refusing to conduct merits discovery.

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff's Motion to Remand.

Dated: September 21, 2023                    EMPLOYMENT LAWYERS

/s/ Leonard Emma

Leonard Emma
Attorneys for Plaintiff