1  EMPLOYMENT LAWYERS
LEONARD EMMA (SBN 224483)
2  lemma@employment-lawyers.com
1999 Harrison Street, 18th Floor
3  Oakland, CA 94612
Tel:    (415) 362-1111
4  Fax:    (415) 362-1112

5

6  Attorneys for Plaintiff
AUSTEN SHWIYHAT

7

8              **UNITED STATES DISTRICT COURT**

9      **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

10

11  AUSTEN SHWIYHAT, on behalf of          Case No. 23-CV-00283-JSC
himself and the State of California as a
12  private attorney general,              **PLAINTIFF AUSTEN SHWIYHAT'S
REPLY MEMORANDUM IN SUPPORT
13                  Plaintiff,             OF MOTION FOR LEAVE TO AMEND
                                          COMPLAINT**
14          vs.

15  MARTIN MARIETTA MATERIALS,             *[File concurrently with Supplemental
INC., a North Carolina Corporation; and   Declaration of Leonard Emma]*
16  DOES 1 through 100, inclusive,

17                  Defendants.            Date:   October 5, 2023
                                          Time:   10:00 a.m.
18                                         Ctrm.:  8

19

20

21

22

23

24

25

26

27

28

EMPLOYMENT LAWYERS
1999 Harrison Street, 18th Floor
Oakland, CA 94612
(415) 362-1111

**EMPLOYMENT LAWYERS**
1999 Harrison Street, 18th Floor
Oakland, CA 94612
(415) 362-1111

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

Plaintiff filed the instant Motion for Leave to Amend when it became apparent that MMM had no intention of adhering to the remand process outlined by the Court at the June 1, 2023, CMC.  As discussed in Plaintiff's concurrently filed Reply Memorandum in Support of Plaintiff's Motion to Remand, MMM co-opted the remand process and now seeks to adjudicate issues that are not pertinent to federal question jurisdiction.  Had MMM not overreached in this fashion, Plaintiff would not have filed his Motion to Remand or the instant Motion.

Plaintiff respectfully requests that this Court grant his concurrently filed Motion to Remand on the operative pleadings.  However, in the event the Court requires clarification within Plaintiff's Complaint prior to remanding the case, Plaintiff filed the instant Motion for Leave to Amend Complaint to facilitate remand.  Plaintiff's proposed First Amended Complaint ("FAC") clarifies the group of aggrieved employees on whose behalf Plaintiff brings this PAGA case, thereby eliminating any potential lingering concerns regarding federal question jurisdiction.

## II.   STATEMENT OF RELEVANT FACTS

The Parties have already recited the relevant facts, so Plaintiff will not rehash them here. However, Plaintiff wishes to clarify the extent of written discovery conducted.  During the Parties' meet and confer efforts following the June 1, 2023, Case Management Conference, it became apparent to Plaintiff that MMM would be attempting to summarily adjudicate the claims of an unknown number of individual employees.  (Supplemental Declaration of Leonard Emma in Support of Plaintiff's Reply ("Supp. Emma Dec.") ¶ 4.)  Accordingly, Plaintiff informally requested that MMM provide a list of the affected employees and their job descriptions, among other things.  MMM did not agree to provide the requested information at that time.  (*Id.*) Therefore, on July 14, 2023, Plaintiff propounded a very limited set of formal written discovery (2 interrogatories and 2 document requests) designed to obtain this information.  (*Id.*)  On August 4, 2023, MMM filed its Motion for Partial Summary Judgment, and Plaintiff filed his Motion to Remand and the instant Motion.  (*Id.* at ¶ 5.)  It was not until August 11, 2023, that MMM objected and responded to Plaintiff's formal written discovery requests.  MMM responded to Interrogatory

-2-

EMPLOYMENT LAWYERS
1999 Harrison Street, 18th Floor
Oakland, CA 94612
(415) 362-1111

1, in part, as follows:

> On June 1, 2023, the Court held a Case Management Conference and determined that subject matter jurisdiction supported removal. The Court then entered a Minute Entry with a limited scheduling order setting two deadlines: (1) deadline to stipulate to preempted claims, and (2) deadline for motion for summary judgment if Defendant believes additional claims are preempted. The Order did not open discovery; rather, the Order focused the parties on resolving preempted claims. (*Id.* at ¶ 5.)

## III.   ARGUMENT

### A.   Leave to Amend Should Be Liberally Granted

Federal Rule of Civil Procedure, Rule 15(a)(2) provides that the court has discretion to grant leave to amend and that, furthermore, "[t]he court should freely give leave [to amend a complaint] when justice so requires."  *See Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996); *Jordan v. County of Los Angeles*, 669 F.2d 1311, 1324 (9th Cir. 1982), vacated on other grounds, 459 U.S. 810 (1982).  Pursuant to Rule 15, courts should exercise their discretion to "facilitate [a] decision on the merits, rather than on the pleadings or technicalities."  *U.S. v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).  Furthermore, courts interpret Rule 15's language for granting amendments with "extreme liberality."  *Id.*   The court should draw all inferences in favor of granting this motion, and the opposing party bears the burden of establishing why the amendment should not be granted.  *Carlson v. Anka Behavioral Health, Inc.*, 2012 WL 2196337, at *2 (N.D. Cal. June 14, 2012).

### B.   The Motion for Leave to Amend was Brought to Facilitate Remand

Plaintiff does not believe that the proposed FAC is required to remand the case for the reasons set forth in Plaintiff's Motion to Remand.  Nonetheless, Plaintiff filed the instant Motion for Leave to Amend and proposed FAC to address Defendant's contention that the PAGA allegations in Plaintiff's Original Complaint include preempted claims of absent aggrieved employees.  As discussed in Plaintiff's Motion for Leave to Amend, the proposed FAC clarifies the group of aggrieved employees on whose behalf Plaintiff is proceeding such that federal preemption cannot be even theoretically possible.

-3-

*Austen Shwiyhat v. Martin Marietta Materials, Inc.*
Plaintiff's Reply in Support of Motion for Leave to Amend Complaint

EMPLOYMENT LAWYERS
1999 Harrison Street, 18th Floor
Oakland, CA 94612
(415) 362-1111

**C.      Defendant has Not Suffered Any Prejudice**

To defeat a motion for leave to amend, the opposing party must show substantial prejudice. *Morongo Band of Mission Indians v. Rose,* 893 F.3d 1074, 1079 (9th Cir. 1990).  At best, Defendant claims artificial prejudice.  Indeed, it is mind-boggling that MMM now claims prejudice when Plaintiff's proposed FAC seeks to eliminate the very same issues of federal preemption that MMM seeks to summarily adjudicate.  MMM's claim of prejudice in this regard appears to hinge on the fact that Plaintiff waited to file his Motion for Leave to Amend until after the Parties' efforts to stipulate were exhausted.  However, Plaintiff's Motion for Leave to Amend was not even contemplated until after it became apparent that Defendant was overreaching in its efforts to summarily adjudicate claims that have nothing to do with federal question jurisdiction. Defendant seems to posit that Plaintiff should have (1) foreseen Defendant's conduct and (2) filed a Motion for Leave to Amend prior to attempting to agree via stipulation.  Quite simply, this does not make sense, and certainly doesn't amount to prejudice.

Defendant further claims prejudice because Plaintiff issued targeted discovery to determine whether Defendant's unsupported assertion that the claims of approximately 490 unrepresented employees were preempted.  Written discovery was only necessary because Defendant refused to provide any information to Plaintiff informally regarding these employees. In addition, Plaintiff took the deposition of Defendant's persons most knowledgeable because the "evidence" presented by Defendant in support of its Motion for Partial Summary Judgment was conclusory and not based on personal knowledge.  Regardless, a party does not waive the right to assert that subject matter jurisdiction is lacking by failing to raise it earlier in the proceedings.  *Insurance Corp. of Ireland, Ltd. v. Compagnie Des Bauxites De Guinee,* 456 U.S. 694, 702 (1982).

**D.      The Motion for Leave to Amend is Not Futile**

MMM again argues without providing any legal authority for its position.  This time, MMM alleges that Plaintiff's Motion for Leave to Amend would be futile because MMM believes that it does not eliminate all preempted claims.  This, however, is not the standard for determining futility.  In assessing futility, the opposing party must establish that the proposed amendment

-4-

"does not plead enough to make out a plausible claim for relief." *HSBC Realty Credit Corp.* *(USA) v. O'Neill,* 745 F.3d 564, 578 (1st Cir. 2014).  MMM has not even attempted to argue that this is the case.  Accordingly, MMM's futility argument must be dismissed.

### E.    The Motion for Leave to Amend is Not Dilatory

MMM also argues that Plaintiff's Motion for Leave to Amend is somehow dilatory.  This argument strains credulity.  MMM knows full well that the Parties met and conferred extensively in an attempt to come to an agreement on the claims that MMM alleges are preempted.  Plaintiff only brought his Motion for Leave to Amend after it became clear that MMM was overreaching.  Accordingly, the Court should disregard MMM's argument that Plaintiff was dilatory in seeking leave to amend.

## IV.    <u>CONCLUSION</u>

Plaintiff respectfully requests that this Court grant Plaintiff's concurrently filed Motion to Remand on the operative pleadings.  However, in the event the Court requires an amended pleading prior to remanding the case, Plaintiff respectfully requests that the Court grant the instant Motion for Leave to Amend Complaint to facilitate remand.

Respectfully submitted,

Dated: September 21, 2023          EMPLOYMENT LAWYERS


/s/ Leonard Emma

_____
Leonard Emma, Esq.
Attorneys for Plaintiff

*Austen Shwiyhat v. Martin Marietta Materials, Inc.*
Plaintiff's Reply in Support of Motion for Leave to Amend Complaint

**EMPLOYMENT LAWYERS**
1999 Harrison Street, 18th Floor
Oakland, CA 94612
(415) 362-1111