UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUSTIN SHWIYAT,<br><br>    Plaintiff,<br><br>v.<br><br>MARTIN MARIETTA MATERIALS, INC.,<br><br>    Defendant. | Case No. 3:23-cv-00283-JSC<br><br>**ORDER RE: PLAINTIFF'S MOTION TO REMAND; PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT; AND ORDER FOR SUPPLEMENTAL BRIEFING**<br><br>Re: Dkt. Nos. 36, 41, 42, 49 |

Austin Shwiyhat filed suit against Martin Marietta Materials, Inc., alleging various California Labor Code violations. (Dkt. No. 1-1.) Defendant removed this case to federal court, asserting federal question jurisdiction because some of Plaintiff's claims are completely preempted by federal law. (Dkt. No. 1.) Now pending before the Court are Defendant's motion for partial summary judgment due to complete preemption; Defendant's motion for leave to file supplemental evidence; Plaintiff's motion to remand; and Plaintiff's motion for leave to file an amended complaint to facilitate remand.

Having carefully reviewed the parties' submissions, and having the benefit of oral argument, the Court DENIES Plaintiff's motion to remand and DENIES Plaintiff's motion for leave to file an amended complaint. Defendant met its burden of demonstrating at least some of Plaintiff's claims are completely preempted by federal law, so remand is not appropriate. Further, Plaintiff's motion to amend the complaint is futile because it will not achieve Plaintiff's explicitly stated goal of returning this case to state court. However, the Court is not yet satisfied Mr. Shwiyhat—a non-union employee—has standing to bring claims on behalf of unionized employees. Defendant as the removing party, bears the burden of establishing Plaintiff's standing; accordingly, Defendant is ordered to file a supplemental submission establishing (or not)

1  Plaintiff's Article III standing to collect penalties on behalf of unionized employees who work
2  different jobs from Plaintiff.  The Court will not rule on Defendant's motion for partial summary
3  judgment or Defendant's motion for leave to file supplemental evidence until after the Court is
4  satisfied it has the constitutional authority to do so.

**BACKGROUND**

Plaintiff sued Defendant in state court on behalf of himself and "all other current and former aggrieved employees" throughout California pursuant to the California Private Attorney General Act ("PAGA"), California Labor Code §§ 2698–2699.  (Dkt. No. 1-1 ¶ 22.)  Defendant removed the case to this Court based on federal question jurisdiction.  (Dkt. No. 1.)  The Notice of Removal did not adequately demonstrate the Court's subject matter jurisdiction, so the Court issued an Order to Show Cause.  (Dkt. No. 22.)  Defendant's response established some of Plaintiff's PAGA claims seeking penalties for other employees are completely preempted by § 301 of the Labor Management Rights Act ("LMRA")—thereby satisfying the Court federal question jurisdiction exists.  (Dkt. Nos. 26, 31.)  At oral argument, Plaintiff conceded "at least some of the claims for some of these allegedly aggrieved employees are preempted."  (Dkt. No. 46 at 4.)  The parties planned to meet and confer to attempt to stipulate which claims are preempted.  (*Id*. at 5.)  They further agreed that if they could not stipulate as to which claims were preempted, they would file a summary judgment motion to determine the preempted claims.  (*Id*.)  The parties subsequently stipulated to dismissal of Plaintiff's PAGA claims to the extent they seek penalties on behalf of employees subject to certain collective bargaining agreements.  (Dkt. No. 34 ¶¶ 1-2.)  But they could not agree on whether the meal period and rest period PAGA claims on behalf of employees subject to various collective bargaining agreements are preempted.  (*Id.* ¶ 3.)

Defendant then moved for partial summary judgment requesting the Court dismiss Plaintiff's meal and rest period and overtime claims, and corresponding derivative claims, brought on behalf of the employees subject to those other collective bargaining agreements, on the grounds of LMRA and Federal Motor Carrier Act preemption.  (Dkt. No. 36 at 10.)  In particular, Defendant argues the PAGA claims seeking penalties for unionized ready-mix drivers for meal period and overtime violations are LMRA preempted, as are those claims seeking penalties for

1  unionized construction or mining workers for meal period and rest break violations. Defendant
2  also argues Plaintiff's PAGA claim seeking penalties on behalf of ready-mix drivers for rest break
3  violations is preempted by the Federal Motor Carrier Safety Administration's hours-of-service
4  rules.
5      After Defendant filed its partial motion for summary judgment, Plaintiff filed a motion to
6  remand and a motion for leave to file an amended complaint. (Dkt. No. 41, 42.) Defendant
7  further filed a motion for leave to file supplemental evidence in support of its partial motion for
8  summary judgment. (Dkt. No. 49.)

**DISCUSSION**

**I.    PLAINTIFF'S MOTION TO REMAND**

    **A.    Legal Standard**

"The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper, and that the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quotations and citations omitted). Federal courts must "reject federal jurisdiction if there is any doubt as to the right of removal in the first instance." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 550 (9th Cir. 2018) (quotations and citations omitted).

The "well-pleaded complaint rule" provides "federal jurisdiction exists only when a federal question is present on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "A corollary to the well-pleaded complaint rule is the 'complete preemption' doctrine, which applies in cases in which 'the preemptive force of a statute is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *In re NOS Commc'ns, MDL No. 1357*, 495 F.3d 1052, 1057 (9th Cir. 2007) (quoting *Caterpillar*, 482 U.S. at 393).

Defendant removed on the grounds some of Plaintiff's PAGA claims are preempted by § 301 of the LMRA, which provides "[s]uits for violation of contracts between an employer and a labor organization . . . may be brought in any district court of the United States." Labor Management Relations Act, 1947, § 301(a), 29 U.S.C.A. § 185(a). "Although § 301 contains no

3

1   express language of preemption, the Supreme Court has long interpreted the LMRA as authorizing
2   federal courts to create a uniform body of federal common law to adjudicate disputes that arise out
3   of labor contracts." *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1151 (9th Cir. 2019) (citing *Allis-*
4   *Chalmers Corp. v. Lueck*, 471 U.S. 202, 210 (1985)); *see also Teamsters v. Lucas Flour Co.*, 369
5   U.S. 95, 103–04 (1962)). As a result, "a civil complaint raising claims preempted by § 301 raises
6   a federal question that can be removed to a federal court." *Id.* at 1152.

7         In *Burnside v. Kiewit Pacific Corp.*, the Ninth Circuit adopted a two-part test for analyzing
8   whether § 301 preempts a state law claim. 491 F.3d 1053, 1059 (9th Cir. 2007). Under the
9   *Burnside* test, courts first "ask whether the asserted cause of action involves a right [that] exists
10  solely as a result of the [Collective Bargaining Agreement]." *Curtis*, 913 F.3d at 1152 (quotation
11  marks and citations omitted). If the answer to the first question is yes, then "the claim is
12  preempted and [the] analysis ends there." *Id.* at 1152-53 (quoting *Burnside*, 491 F.3d at 1059). If
13  the answer to the first question is no, then courts "proceed to the second step and ask whether a
14  plaintiff's state law right is substantially dependent on analysis of" the collective bargaining
15  agreement. *Id.* (quotations and citations omitted). To answer this question, courts consider
16  "whether the claim cannot be resolved by simply look[ing] to versus interpreting the [Collective
17  Bargaining Agreement]." *Id.* (quotations and citations omitted).

18        The Court previously concluded Defendant met its burden of showing at least some of
19  Plaintiff's PAGA claims are LMRA preempted and therefore removal was proper. (Dkt. No. 31.)
20  Plaintiff agreed some of his PAGA claims are preempted, and he subsequently dismissed by
21  stipulation those preempted claims. (Dkt. No. 34 at 2.) He nonetheless now argues the Court
22  must remand the action to state court because (1) Plaintiff's individual claims are not preempted
23  by the LMRA and "the Court should not look to hypothetical claims of absent employees to
24  determine federal question jurisdiction"; that is, to the claims Plaintiff brings on behalf of other
25  aggrieved employees (Dkt. No. 41 at 3); and (2) Plaintiff's complaint only permits Plaintiff to
26  represent "aggrieved employees" who have suffered a California Labor Code violation, so, "this
27  case already excludes employees who could not have suffered a violation of the California Labor
28  Code due to federal preemption." (*Id.*)

Having previously agreed some of his claims in the removed complaint are LMRA preempted, and the Court having ruled Defendant met its burden of showing LMRA preemption as to some claims, Plaintiff should have filed a motion for reconsideration if he believes he and the Court got it wrong and the original complaint was not properly removed to federal court. *See* N.D. Cal. L.R. 7-9. Although he did not do so, the Court will address his new arguments for remand since subject matter jurisdiction is not waivable.

### B. The Court has Subject Matter Jurisdiction Over Plaintiff's PAGA Claims Even if Plaintiff's Individual Claims Are Not Preempted

Plaintiff asserts "federal question jurisdiction based on LMRA preemption of PAGA claims does not exist if the named Plaintiff was not subject to a [collective bargaining agreement]." (Dkt. No. 41 at 6.) Defendant admits Plaintiff was not covered by a collective bargaining agreement; however, it argues because Plaintiff seeks to represent other workers as part of Plaintiff's PAGA claims, and since some of these other workers are subject to collective bargaining agreements which preempt the PAGA claim, federal subject matter jurisdiction exists.

Federal district courts are split on whether federal subject matter jurisdiction exists when a plaintiff's individual PAGA claim is not preempted, but the non-individual PAGA claims on behalf of other aggrieved employees are preempted. *Compare Stoddart v. Heavy Metal Iron, Inc.*, 2023 WL 2524313, at *5 (E.D. Cal. March 15, 2023) (finding no "subject matter jurisdiction over the derivative PAGA claim" when plaintiff was not subject to a qualifying collective bargaining agreement but plaintiff's representative PAGA claim included aggrieved employees who were subject to a collective bargaining agreement) *and Rivera v. AHMC Healthcare, Inc.*, 2022 WL 716094 (C.D. Cal. March 10, 2022) (same) *with Braswell v. AHMC San Gabriel Valley Med. Ctr. LP*, No. 21-cv-09959-MWF-AGR, 2022 WL 707206, at *4 (C.D. Cal. Mar. 8, 2022) (denying plaintiff's motion to remand because "[e]ven if Plaintiff and the State are not parties to the qualifying [collective bargaining agreements], the Court must still interpret the agreements to determine whether a violation occurred as to the Aggrieved Employees") *and Rodriguez v. USF Reddaway Inc.*, No. 2:22-CV-00210-TLN-DB, 2022 WL 18012518 (E.D. Cal. Dec. 30, 2022) ("[E]ven if Plaintiff's hourly rate did not meet the requirement of California Labor Code § 514,

5

preemption under § 301 can still apply because the hourly rate requirement has been met for other aggrieved employees.").

While PAGA's "language suggests that an 'aggrieved employee' sues 'on behalf of himself or herself and other current or former employees,' § 2699(a), California precedent holds that a PAGA suit is a 'representative action' in which the employee plaintiff sues as an 'agent or proxy' of the State." *Viking River Cruises, Inc. v. Moriana*, 142 S. Ct. 1906, 1914, *reh'g denied*, 143 S. Ct. 60 (2022) (quoting *Iskanian v. CLS Transp. Los Angeles, LLC*, 59 Cal.4th 348, 380 (2014)). As a result, "the State is always the real party in interest in the suit." *Id.* (cleaned up). "An employee with statutory standing" under PAGA "may 'seek any civil penalties the state can, including penalties for violations involving employees other than the PAGA litigant herself.'" *Id.* (quoting *ZB, N. A. v. Superior Court*, 8 Cal.5th 175, 185 (2019)).

In *Viking River Cruises, Inc. v. Moriana,* the Supreme Court explained "a PAGA action asserting multiple code violations affecting a range of different employees does not constitute 'a single claim' . . . because the violations asserted need not even arise from a common 'transaction' or 'nucleus of operative facts.'" 142 S. Ct. at 1919–20. Thus, compared to a class-action plaintiff who "can raise a multitude of claims because he or she represents a multitude of absent individuals; a PAGA plaintiff . . . represents a single principal, [California's Labor and Workforce Development Agency], that has a multitude of claims." *Id.* at 1920.

With this background in mind, Plaintiff's PAGA action compromising individual and non-individual claims supports this Court's subject matter jurisdiction so long as some claims—either individual or non-individual—are preempted by federal law. After all, if the State of California, the real party in interest, brought some claims on behalf of employees subject to LMRA-preemption-qualifying collective bargaining agreements and other claims on behalf of non-union employees, this Court would have subject matter jurisdiction. *See Garcia v. Serv. Emps. Int'l Union*, 993 F.3d 757, 764 n.5 (9th Cir. 2021) (finding "five claims were preempted by § 301 and the district court had subject matter jurisdiction over those claims," and therefore, "[t]he district court also had supplemental jurisdiction over the non-preempted pendant state law claims under 28 U.S.C. § 1367"); *Jimenez v. Young's Mkt. Co., LLC*, No. 21-CV-02410-EMC, 2021 WL

6

5999082, at *7 (N.D. Cal. Dec. 20, 2021) ("If some [PAGA] claims are completely preempted while others do not fall under federal preemption . . . courts may find supplemental jurisdiction in the non-preempted claims if they arise out of 'a common nucleus of operative fact.'").

This analysis is supported by the California Supreme Court's recent decision in *Adolph v. Uber Technologies, Inc.*. 14 Cal. 5th 1104, 1114 (2023). In *Adolph*, which followed the Supreme Court's ruling in *Viking River Cruises*, the California Supreme Court considered "whether an aggrieved employee who has been compelled to arbitrate claims under PAGA that are premised on Labor Code violations actually sustained by the plaintiff maintains statutory standing to pursue PAGA claims arising out of events involving other employees." *Id.* (quotations and citations omitted). The California Supreme Court held such a plaintiff retained statutory standing "as an aggrieved employee to litigate claims on behalf of other employees under PAGA." *Id.* The court explained "[t]he centerpiece of PAGA's enforcement scheme is the ability of a plaintiff employee to prosecute numerous Labor Code violations committed by an employer and to seek civil penalties corresponding to those violations." *Id.* at 1122. The *Adolph* court's ruling indicates the non-individual claims do not rise and fall based on the procedural posture of the individual's claims. Rather, California courts analyze the procedural posture of the individual claims and the non-individual claims separately and can come to different conclusions for each.

In sum, if at least some of the PAGA claims brought on behalf of unionized employees are completely preempted, removal was proper, and the Court has supplemental jurisdiction of Plaintiff's non-preempted claims. *See Brown v. Brotman Med. Ctr., Inc.*, 571 F. App'x 572, 576 (9th Cir. 2014) ("[A] district court may exercise supplemental jurisdiction over claims that are brought in conjunction with claims that are preempted by the LMRA."). So, Plaintiff's non-union status does not defeat removal jurisdiction.

### C. The Court has Subject Matter Jurisdiction to Determine Which Employees Are "Aggrieved Employees" for Purposes of Plaintiff's PAGA Claims

Plaintiff makes a second argument for remand: Plaintiff only seeks to represent "aggrieved employees" who have suffered a violation of the California Labor Code. So, according to Plaintiff, "this case already excludes employees who could not have suffered a violation of the California Labor Code due to Federal Preemption." (Dkt. No. 41 at 3.) But Plaintiff's assertion

ignores the answer to *who* decides which employees are "aggrieved." Determining whether a claim is preempted by federal law can involve complicated legal analysis, as is demonstrated by the parties' inability to stipulate as to exactly which employees' claims are preempted. *See also Cramer v. Consol. Freightways Inc.*, 255 F.3d 683, 691 (9th Cir. 2001), *as amended* (Aug. 27, 2001) ("The demarcation between preempted claims and those that survive § 301's reach is not, however, a line that lends itself to analytical precision," but instead turns "on the specific facts of each case.") "[Section] 301 expresses a federal policy that the substantive law to apply in § 301 cases 'is federal law.'" *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 209 (1985) (quoting *Textile Workers v. Lincoln Mills*, 353 U.S. 448, 456 (1957). So, federal courts have original jurisdiction to determine which claims are preempted under § 301—or, as Plaintiff puts it, which employees are aggrieved. *Curtis*, 913 F.3d at 1152-53.

It is thus unsurprising Plaintiff cites no caselaw to support his contention that, by limiting his complaint to "aggrieved employees," he has eliminated any role for federal courts to determine federal preemption. Indeed, the caselaw demonstrates the opposite. Under PAGA, an "aggrieved" employee can bring a suit for civil penalties "on behalf of himself or herself and other current or former employees against whom one or more of the alleged [labor] violations was committed." Cal. Lab. Code § 2699(g)(1). If Plaintiff's argument was correct, PAGA suits could never be preempted by § 301 because PAGA, by its terms, explicitly limits itself to employees "against whom . . .violations [were] committed." Yet, federal courts frequently assess whether PAGA claims are completely preempted by § 301—thereby determining whether plaintiffs, and those employees plaintiffs seek to collect penalties on behalf of, are "aggrieved." *See Curtis*, 913 F.3d at 1150 n.3 (finding various labor law claims, including a derivative PAGA claim, preempted under § 301); *Chatman v. WeDriveU, Inc.*, No. 3:22-CV-04849-WHO, 2022 WL 15654244, at *7 (N.D. Cal. Oct. 28, 2022) (finding "jurisdiction over the PAGA case" because "the PAGA claims rely in part on the preempted claims"); *Martinez v. Omni Hotels Mgmt. Corp.*, 514 F. Supp. 3d 1227, 1234, 1235 n.3 (S.D. Cal. 2021) ("Plaintiffs' distinction between bringing PAGA claim for civil penalties versus bringing a Labor Code claim for wages is irrelevant for the purposes of preemption . . . To find otherwise would allow for artful pleading of PAGA claims—premised on

8

Labor Code violations—to circumvent congressional intent regarding collective bargaining agreements and preemption,"); *Radcliff v. San Diego Gas & Elec. Co.*, 519 F. Supp. 3d 743, 748 (S.D. Cal. 2021) ("[T]he Court determines that, if it has original jurisdiction over these predicate claims, it also has original jurisdiction over Plaintiff's PAGA claim.").

\*\*\*

At the June 1, 2023 hearing, and in his stipulation to dismiss some of his PAGA claims, Plaintiff conceded his PAGA claims seeking penalties on behalf of some unionized employees are LMRA preempted. (Dkt. Nos. 46 at 4, 34.) They are preempted because the rights Plaintiff seeks to vindicate arise from the collective bargaining agreements, not the California Labor Code. These claims alone give the Court removal jurisdiction and mandate denial of the motion to remand. But the Court also has original federal question jurisdiction to decide which of the remaining claims are LMRA preempted. And it has supplemental jurisdiction to decide the Federal Motor Carrier Administration preemption question. Accordingly, the Court DENIES Plaintiff's motion to remand.

## II. PLAINTIFF'S MOTION FOR LEAVE TO AMEND

Plaintiff also moves for leave to amend his complaint to "facilitate remand" if "the Court requires clarification within Plaintiff's Complaint prior to remanding the case." (Dkt. No. 42 at 3.) However, for the reasons discussed at oral argument and as described below, Plaintiff's proposed amendments would not result in the Court immediately remanding the case.

### A. Applicable Law

Federal Rule of Civil Procedure Rule 15(a)(2) provides "[t]he court should freely give leave [to amend a complaint] when justice so requires." "Leave to amend may be denied if the proposed amendment is futile." *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018) (citing *Carrico v. City and Cnty. Of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011)).

### B. Plaintiff's Proposed Amendments

Plaintiff proposes to add four paragraphs to his complaint. (Dkt. No. 43-2 ¶¶ 5-8.) In the first two proposed paragraphs, Plaintiff asserts "Plaintiff is not bringing a representative PAGA action on behalf of employees subject to the following collective bargaining agreements," and then

9

lists various collective bargaining agreements identified in the record of this case. (Dkt. No. 43-2 at ¶¶ 5-6.) Theses two paragraphs match the parties' stipulation, in which the parties agreed Plaintiff would not "bring a representative PAGA action on behalf of employees subject to" that same list of collective bargaining agreements. (Dkt. No. 34 ¶¶ 1-2.)

In the third proposed paragraph, Plaintiff proposes adding "[t]o the extent such employees are employed in the construction industry, as that term is defined in Labor Code 512 and/or Wage Order 16, or are drivers subject to regulations of the Federal Motor Carrier Safety Administration, Plaintiff is not bringing meal period claims, or any derivative claims based upon meal period violations," on behalf of employees subject to various collective bargaining agreements. (Dkt. No. 43-2 at ¶ 7.) Similarly, in the fourth proposed paragraph, Plaintiff suggests adding, "[t]o the extent such employees are employed in the construction industry, as that term is defined in Wage Order 16, or are drivers subject to regulations of the Federal Motor Carrier Safety Administration, Plaintiff is not bringing rest period claims, or any derivative claims based upon rest period violations, on behalf of employees subject to" various collective bargaining agreements. (Dkt. No. 43-2 at ¶ 8.)

### C. Plaintiff's Proposed Changes Do Not Change the Subject Matter Jurisdiction Analysis

According to Plaintiff, with these amendments in place, "all" that is "left for a fact finder to determine is if the employees covered by the remaining [collective bargaining agreements] are (1) construction workers as defined by California law or (2) subject to the [Federal Motor Carrier Safety Administration's] hours of service regulations." (Dkt. No. 41 at 8.) According to Plaintiff, "[i]nterpretation" of these issues "does not provide for federal question jurisdiction because these require interpretation of California law" or are related to "[Federal Motor Carrier Safety Administration preemption" which "does not provide for federal question jurisdiction." (*Id.*) Incorrect. Under the *Burnside* two-step test, the first question courts must answer when determining if a claim is completely preempted by § 301 of the LMRA is "whether the asserted cause of action involves a right [that] exists solely as a result of the [Collective Bargaining Agreement]." *Curtis*, 913 F.3d at 1152. Courts often are required to interpret California law to

determine if the right invoked by a plaintiff derives from state statutes or a collective bargaining agreement at issue. For example, in *Curtis*, the Ninth Circuit analyzed section 510(a)(2) of the California Labor Code, which provides an exception to normal state-mandated overtime compensation so long as the employee is covered by a qualifying collective bargaining agreement. *Id.* at 1153. The Ninth Circuit explained if the plaintiff's collective bargaining agreement met "the requirements" of the California statute, then the plaintiff's "right to overtime 'exists solely as a result of the [collective bargaining agreement] and therefore is preempted under § 301." *Id.* at 1154 (citing *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1032 (9th Cir. 2016)). In so holding, the Ninth Circuit interpreted Section 510 of the California Labor Code. *Id.* at 1154-55.

Plaintiff's claims relate to meal period requirements stemming from California Labor Code Section 512 and California's Industrial Welfare Commission's Wage Order 16-2001 ("Wage Order 16"). Cal. Lab. Code § 512; Cal. Code Regs. Tit. 8, § 11160. Both contain explicit exemptions indicating they do not apply to employees covered by qualifying collective bargaining agreements. *See* Cal. Lab. Code § 512(e); Cal. Code Regs. Tit. 8, § 11160(10)(E). Moreover, both laws have been interpreted by federal courts for purposes of determining § 301 preemption based on these exemptions. *See Marquez v. Toll Glob. Forwarding*, 804 F. App'x 679, 680 (9th Cir. 2020) (*"*Marquez's meal period claims under Cal. Lab. Code § 512(a) are statutorily barred by § 512(e)'s 'commercial driver' exception, which exempts commercial drivers covered by a CBA meeting the requirements of § 512I from the meal period requirements of § 512(a)."); *Parker v. Cherne Contracting Corp.*, No. 18-CV-01912-HSG, 2019 WL 359989, at *5 (N.D. Cal. Jan. 29, 2019) ("Plaintiff is exempted from her . . . meal period claims brought under . . . IWC Wage Order 16-2001 . . . Plaintiff therefore has asserted no rights that exist independently of the [collective bargaining agreement], and these claims are preempted."). If the exemptions apply, then the right to, for example, meal breaks, exists solely as a result of the cba and the claim is preempted. *See Curtis*, 913 F.3d at 1152.

Plaintiff's assertion that Federal Motor Carrier Safety Administration hours-of-service rules preemption does not provide for federal question jurisdiction is also unavailing. Plaintiff cites *Lindsey v. WC Logistics, Inc.*, for the proposition the Federal Motor Carrier Safety

11

Administration's hours-of-service rules cannot "*completely preempt* Plaintiff's state law claims" and thus, the hours-of-service rules themselves do not provide federal question jurisdiction. 586 F. Supp. 3d 983, 991 (N.D. Cal. 2022). *But see Juan Razo v. Cemex Constr. Materials Pac., LLC et al.*, No. CV2011175MWFKSX, 2021 WL 325638, at *1 (C.D. Cal. Feb. 1, 2021) (finding the Federal Motor Carrier Safety Administration hours-of-service regulations completely preempt California state law and therefore provide federal question jurisdiction). Even assuming the Federal Motor Carrier Safety Administration preemption affirmative defense cannot *itself* provide the basis for federal subject matter jurisdiction, the Court still has federal subject matter jurisdiction over this case due to the § 301 preemption. So, the Court can exercise supplemental jurisdiction to determine which, if any, claims are preempted by the Federal Motor Carrier Safety Administration hours-of-service regulations—especially given the federal interest involved in the affirmative defense of Federal Motor Carrier Safety Administration preemption. *See Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 999 (9th Cir. 1987) ("The district court could properly exercise pendent jurisdiction over the tort claims based on their close relation with the section 301 claim, the economy of hearing all claims arising out of the discharge in the same action, and the significant federal interest in deciding the preemption defense to the tort claims.").

As a result, Plaintiff's proposed amendments are futile, as they would not achieve Plaintiff's explicit goal to "facilitate remand." (Dkt. No. 42 at 3.) Thus, the Court DENIES Plaintiff's request to amend his complaint.

## III. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

As described above, Defendant moves for summary judgment on the PAGA claim to the extent it seeks penalties on behalf of ready-mix drivers and construction workers subject to certain collective bargaining agreements. Plaintiff's complaint does not allege what job he performed, and the parties agree he was not a unionized employee.

Federal courts are obligated to ensure standing exists and to raise it "sua sponte if need be." *San Francisco Drydock, Inc. v. Dalton*, 131 F.3d 776, 778 (9th Cir. 1997); *see also Ctr. For Biological Diversity v. Kempthorne,* 588 F.3d 701, 707 (9th Cir. 2009) ("[T]he jurisdictional issue of standing can be raised at any time.").

Article III standing requires more than a statutory violation; a plaintiff must establish "concrete harm." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2205 (2021). The Court is satisfied Plaintiff suffered a "concrete harm" as to the labor violations he alleges he suffered. However, the Court is not yet persuaded Plaintiff has standing to bring PAGA claims on behalf of other, unionized employees—because such employees may not have suffered the same labor violations as Plaintiff.

In *Magadia v. Wal-Mart Associates, Inc.*, the Ninth Circuit held while a PAGA plaintiff has standing to bring PAGA claims on behalf of other employees if the plaintiff himself suffered that type of labor violation, a PAGA Plaintiff "lacks standing to bring a PAGA claim for" labor violations that "he himself did not suffer." 999 F.3d 668, 678 (9th Cir. 2021). In *Magadia*, the plaintiff brough a PAGA claim for meal-break violations. *Id.* at 674. The district court found the plaintiff "did not suffer a meal-break injury himself." *Id.* The Ninth Circuit concluded "PAGA differs in significant respects from traditional *qui tam* statutes," *id.* at 676, so PAGA does not fall under the "well-established exception to traditional Article III analysis" for *qui tam* actions. *Id.* at 674 (quotation and citations omitted). Since "Article III's core principle that each plaintiff 'must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties,'" the court concluded the plaintiff did not have Article III standing to bring claims for the meal-break violations of other employees. *Id.* at 676-77 (quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975)).

In this case, Plaintiff—a non-unionized employee—is bringing claims on behalf of unionized ready-mix drivers and construction employees. As a non-unionized employee, all of Plaintiff's individual claims arise from alleged violations of the California Labor Code. However, some of the unionized employees may have rights that "exist[] solely as a result of the [Collective Bargaining Agreement]." *Curtis*, 913 F.3d at 1152 (quotations and citations omitted). Like in *Magadia*, the violations Plaintiff himself suffered may be different from violations those unionized employees suffered.

To determine whether those other, unionized employees' rights stem from the California Labor Code or whether those rights arise exclusively from collective bargaining agreements, this

13

Court has to engage in preemption analysis under the LMRA. However, Plaintiff may not have a "personal stake" sufficient to litigate the possible preemption of claims on behalf of the unionized employees. *TransUnion LLC*, 141 S. Ct at 2203; *see also Raines v. Byrd*, 521 U.S. 811, 819 (1997) ("We have consistently stressed that a plaintiff's complaint must establish that he has a 'personal stake' in the alleged dispute, and that the alleged injury suffered is particularized as to him."). Afterall, the determination of the preemption issue as to those unionized employees has no impact on plaintiff's individual claims.

Because Defendant removed this action to federal court, Defendant has the burden of establishing standing. *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 561 (1992) ("The party invoking federal jurisdiction bears the burden of establishing" the "elements" of Article III Standing). Defendant has not yet met that burden. Because Defendant has not yet established Plaintiff has standing to assert the claims of ready-mix driver and construction unionized employees, the Court cannot yet rule on Defendant's partial motion for summary judgment.[1]

**Conclusion**

Accordingly, on or before October 23, 2023, Defendant shall submit a memorandum regarding Plaintiff's Article III standing to pursue the potentially preempted claims in this action in federal court. Given federal courts have exclusive jurisdiction of LMRA claims, Defendant should also address whether, even if Plaintiff does not have standing, the Court can decide the

---

[1] If the Court concludes Plaintiff does not have Article III standing to pursue penalties on behalf of the unionized employees, then remand might be required since the state courts do not have the same Article III standing requirement. *See Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016) ("State courts are not bound by the constraints of Article III."). However, if Plaintiff still pursued these same claims in state court, Defendant could remove the complaint again on grounds of LMRA preemption and the Court would have jurisdiction to determine if the claims are preempted for the purposes of determining if removal was proper. But, then again the claims might have to be remanded for lack of standing. In other words, if Plaintiff does not have Article III standing to seek penalties on behalf of the unionized employees, then he cannot seek such penalties in federal *or* state court given LMRA preemption states a federal question for removal purposes and the federal courts have exclusive jurisdiction of LMRA claims. *See Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 23 (1983) ("[T]he preemptive force of § 301 is so powerful as to displace entirely any state cause of action 'for violation of contracts between an employer and a labor organization.'") (quoting *Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists & Aerospace Workers*, 376 F.2d 337, 343 n.1 (6th Cir. 1967), *aff'd*, 390 U.S. 557 (1968)).

extent to which Plaintiff's PAGA claims are LMRA preempted.  Plaintiff may file a response on or before November 6, 2023.  Defendant may reply by November 13, 2023. The Court will advise the parties if oral argument is required.

This Order disposes of Docket Numbers: 41, 42.

**IT IS SO ORDERED.**

Dated: October 10, 2023

JACQUELINE SCOTT CORLEY
United States District Judge